# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| WILLIAM JOSEPH PULIDO, | * * * |
| Plaintiff, | * * |
| v. | CASE NO: 22-3755 * * |
| JIMMY GATES and JIMMY GATES TRUCKING, INC. | * * * |
| Defendants. | * |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Rule 81(c) of the Federal Rules of Civil Procedure, and N.D. Fla. Local Rule 7.2, Defendants Jimmy Gates and Jimmy Gates Trucking, Inc. give notice of and consent to the removal of this case from the Circuit Court for Escambia County, Florida, to this Honorable Court, and, as grounds therefore, state the following:

1. This is negligence case arising out of a motor vehicle accident involving Plaintiff and Defendants that occurred on US-29 (Pensacola Boulevard) in Escambia County, Florida.

2. This lawsuit was originally filed by Plaintiff William Joseph Pulido on September 1, 2021, in the Circuit Court of Escambia County, Florida, and assigned

1

Case No. 2021-CA-002529. Plaintiff named Jimmy Gates and Jimmy Gates Trucking, Inc. as Defendants.

3. Defendants Jimmy Gates and Jimmy Gates Trucking, Inc. answered Plaintiff's Complaint on October 8, 2021.

4. The Complaint seeks unspecified damages.

5. On February 14, 2022, Plaintiff served two proposals for settlement – one to each Defendant. The Proposal for Settlement to Defendant Jimmy Gates was in the amount of $250,000.00. The Proposal for Settlement to Defendant Jimmy Gates Trucking, Inc. was in the amount of $750,000.00. The proposals for settlement are attached hereto as **Exhibit 1**. The proposals for settlement constitute "other paper" that Defendants received, which serves as the basis for removing this case to this Court at this time. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212, n.62 (11th Cir. 2007). Plaintiff's proposals for settlement establish that the amount in controversy exceeds the necessary jurisdictional threshold.

6. As a result, this Notice of Removal is filed "within 30 days after receipt by the defendant…of…other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3). Therefore, this Notice of Removal has been filed within the time allowed by law. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

7. Pursuant to 28 U.S.C. § 1446(d), Defendants have this day served a copy of this Notice of Removal on the Clerk of the Circuit Court of Escambia County, Florida, and the Plaintiff by filing the same with the state court's electronic filing system.

8. The documents attached hereto as **Exhibit 2** constitute a copy of the process, pleadings, and orders filed in the state court proceedings.

## DIVERSITY JURISDICTION

9. This Notice of Removal is based on diversity jurisdiction. 28 U.S.C. § 1332.

10. To confer diversity jurisdiction, the amount in controversy between each of the parties must exceed the sum or value of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought "between citizens of different states." 28 U.S.C. § 1332(a)(1).

**I. THE PARTIES ARE COMPLETELY DIVERSE.**

11. Plaintiff resides in Escambia County, Florida, and is, therefore, a citizen of the State of Florida. (Complaint at ¶ 2.)

12. Defendant Jimmy Gates resides in Clarke County, Alabama, and is, therefore, a citizen of the State of Alabama. (Complaint at ¶ 3; Answer at ¶ 3; Affidavit of James Gates, attached hereto and incorporated herein as **Exhibit 3**, at ¶ 2.)

13. Jimmy Gates Trucking, Inc. is an Alabama domestic corporation with its principal place of business located in Clarke County, Alabama, making Jimmy Gates Trucking, Inc. a citizen of the State of Alabama for diversity jurisdiction purposes. (Complaint at ¶ 4; Answer at ¶ 4; Gates Affidavit at ¶ 3). 28 U.S.C. § 1332(c)(1); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004).

14. Because Jimmy Gates' and Jimmy Gates Trucking, Inc.'s states of citizenship are different from Plaintiff's state of citizenship, complete diversity exists in this case.

## II. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL THRESHOLD.

15. Plaintiff's Complaint demands judgment "for damages . . . and other such relief deemed proper by the Court." (Complaint, at *ad damnum* clause, page 4.) Thus, Defendants could not ascertain from the face of the Complaint whether the case was removable at the time Plaintiff filed suit. *See Lowery*, 483 F.3d at 1213, n.63 ("We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case . . . where the defendant . . . has only bare pleadings containing unspecified damages on which to base its notice.").

16. Where a plaintiff seeks unspecified damages, as here, a removing defendant "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery*, 483 F.3d at 1208; *see also* 28 U.S.C. §

4

1332(a).  This evidence may consist of "a copy of an amended pleading, motion, order or other paper" received from the plaintiff.  *Lowery*, 483 F.3d at 1212-1213 (quoting 28 U.S.C. § 1446(b)).

17.  A settlement demand is admissible evidence of the amount in controversy.  *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) ("Defendant Mentor relied properly on Plaintiffs' Proposal, containing the demand for $175,000, as an "other paper" from which it could determine the case was removable because the amount in controversy requirement was satisfied.").  In *Lowery*, the Eleventh Circuit also acknowledged that settlement offers and demand letters qualify as "other paper" to establish the amount in controversy under 28 U.S.C. § 1446(b). *Lowery,* 483 F.3d at 1212, n.62.

18.  Plaintiff in this case clearly seeks more than $75,000 in compensatory damages because he demanded $1,000,000.00 from Defendants to settle this matter.  (*See* Exhibit 1).  Plaintiff's proposals for settlement unambiguously establish federal diversity jurisdiction.  *See Lowery*, 483 F. 3d at 1213; *Martin*, 142 F. Supp. 2d at 1349.

19.  As a result, the amount in controversy in the present case exceeds $75,000.00, exclusive of interest and costs.

20.     Based on the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441, *et seq*.

WHEREFORE, Defendants Jimmy Gates and Jimmy Gates Trucking, Inc. respectfully remove this action from the Circuit Court of Escambia County, Florida, bearing Case No. 2021-CA-002529.

                              Respectfully submitted,

                              */s/ Paul T. Beckmann*
                              PAUL T. BECKMANN (Fla. Bar No. 0048941)
                              HAND ARENDALL HARRISON SALE LLC
                              Post Office Box 123
                              Mobile, Alabama  36601
                              Telephone:  (251) 432-5511
                              Facsimile:  (251) 694-6375
                              E-mail: pbeckmann@handfirm.com
                              Attorney for Defendants Jimmy Gates and Jimmy Gates Trucking, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this March 14, 2022, I served the foregoing on counsel of record by placing a copy of the same in the United States Mail, first-class postage prepaid as follows:

Jeffrey J. Humphries
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
jhumphries@forthepeople.com
tmcfarland@forthepeople.com


*/s/ Paul T. Beckmann*
PAUL T. BECKMANN