# EXHIBIT 2

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.   **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIRST</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ESCAMBIA</u>   COUNTY, FLORIDA

<u>WILLIAM JOSEPH PULIDO</u>
Plaintiff                                                    Case # _____

                                                                  Judge _____

vs.
<u>JIMMY GATES, JIMMY GATES TRUCKING, INC.</u>
 Defendant

II.   **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

III.   **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   2

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jeffrey J Humphries      Fla. Bar # 708631
    Attorney or party        (Bar # if attorney)

Jeffrey J Humphries        09/01/2021
  (type or print name)        Date

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO:

WILLIAM JOSEPH PULIDO,

     Plaintiff,

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

     Defendants.

_____ /

## COMPLAINT

COMES NOW the Plaintiff, **WILLIAM JOSEPH PULIDO**, by and through the undersigned counsel, and sues Defendants, **JIMMY GATES AND JIMMY GATES TRUCKING, INC.**, and alleges:

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees.

2.    At all times material to this action, Plaintiff, **WILLIAM JOSEPH PULIDO**, was a natural person residing in Pensacola, Escambia County, Florida.

3.    At all times material to this action, Defendant, **JIMMY GATES**, was a natural person residing in Thomasville, Clarke County, Alabama.

4.    At all times material to this action, Defendant, **JIMMY GATES TRUCKING, INC.**, was an Alabama Domestic Corporation authorized to do business and doing business in the State of Alabama.

5.      On or about May 14, 2020, Plaintiff, **WILLIAM JOSEPH PULIDO**, was operating a motor vehicle stopped in traffic on US-29 (Pensacola Boulevard) in the outside lane facing north away from US-90ALT (W Nine Mile Road) in Escambia County, Florida.

6.      At that time and place, Defendant, **JIMMY GATES**, was operating a tractor-trailer, owned by Defendant, **JIMMY GATES TRUCKING, INC.**, traveling northbound on US-29 (Pensacola Boulevard) in the outside lane in Escambia County, Florida, approaching the rear of Plaintiff, **WILLIAM JOSEPH PULIDO'S** vehicle.

7.      At that time and place, Defendant, **JIMMY GATES**, negligently operated and/or maintained the tractor-trailer so that he caused a collision with Plaintiff's motor vehicle, thereby causing him to sustain serious injuries.

## COUNT I
## NEGLIGENCE CLAIM AGAINST JIMMY GATES

8.      Plaintiff, **WILLIAM JOSEPH PULIDO**, re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 7 above, and further alleges:

9.      As a direct and proximate cause of Defendant, **JIMMY GATES'S** negligence, Plaintiff, **WILLIAM JOSEPH PULIDO**, suffered or incurred significant and permanent loss of an important bodily function and/or permanent and significant scarring; permanent injury within a reasonable degree of medical probability other than scarring or disfigurement; aggravation or activation of an existing disease or physical defect; pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life; expenses of medical care and treatment in the past and in the future; and loss of wages and/or loss of earning capacity in the future.

10.     All losses are continuing and/or permanent.

11.     Plaintiff will suffer or incur the injuries, expenses and impairment in the future.

## COUNT II
## <u>NEGLIGENCE CLAIM AGAINST JIMMY GATES TRUCKING, INC.</u>

12.      Plaintiff, **WILLIAM JOSEPH PULIDO**, re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 11 above, and further alleges:

13.      At that time and place, Defendant, **JIMMY GATES**, was operating the tractor-trailer during the course and scope of his employment with Defendant, **JIMMY GATES TRUCKING, INC.**

14.      At that time and place, Defendant, **JIMMY GATES**, was operating and driving the tractor-trailer with the permission and consent of its owner, Defendant, **JIMMY GATES TRUCKING, INC.**

15.      At all relevant times, Defendant, **JIMMY GATES**, was the employee, agent, servant, and/or statutory employee for Defendant, **JIMMY GATES TRUCKING, INC.**, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant, **JIMMY GATES TRUCKING, INC.**  Accordingly, Defendant, **JIMMY GATES TRUCKING, INC.**, is vicariously liable for the acts of Defendant, **JIMMY GATES**.  Regardless of the employment or agency relationship, Defendant, **JIMMY GATES TRUCKING, INC.**, is an interstate motor carrier responsible for the acts of Defendant, **JIMMY GATES**.

16.      Defendant, **JIMMY GATES TRUCKING, INC.**, is vicariously liable for the negligence of Defendant, **JIMMY GATES**, pursuant to the Florida Dangerous Instrumentality Doctrine.

17.      As a direct and proximate cause of Defendant, **JIMMY GATES TRUCKING, INC.'S,** negligence, Plaintiff, **WILLIAM JOSEPH PULIDO**, suffered or incurred significant and permanent loss of an important bodily function and/or permanent and significant scarring;

3

permanent injury within a reasonable degree of medical probability other than scarring or disfigurement; aggravation or activation of an existing disease or physical defect; pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life; expenses of medical care and treatment in the past and in the future; and loss of wages and/or loss of earning capacity in the future.

18. All losses are continuing and/or permanent.

19. Plaintiff will suffer or incur the injuries, expenses and impairment in the future.

**WHEREFORE**, Plaintiff, **WILLIAM JOSEPH PULIDO**, demands judgment for damages against Defendants, **JIMMY GATES AND JIMMY GATES TRUCKING, INC.**, and other such relief deemed proper by the Court.  Plaintiff also demands a jury trial on all issues so triable.

**RESPECTFULLY** submitted this 1st day of September, 2021.

**MORGAN & MORGAN**

_____
**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

4

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO:

WILLIAM JOSEPH PULIDO,

     Plaintiff,

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

     Defendants.

_____ /

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production, and Request for Admissions in the above-styled cause upon the Defendant:

**JIMMY GATES TRUCKING, INC.**
**c/o JAMES GATES, as Registered Agent**
**814 Windsorwood Circle**
**Thomasville, AL 36784**

     Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **Jeffrey J. Humphries, Esquire, Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, Telephone (904) 398-2722, <u>within twenty (20) days after service of this Summons upon you</u>**, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

     If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at crtintrp@coj.net or (904) 630-2564 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

     WITNESS my hand and seal of this Court on this _____ day of _____, 2021.

Clerk of the Circuit Court

By_____

As Deputy Clerk

### **IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service"

### **IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

**MORGAN & MORGAN, P.A.**
**Jeffrey J. Humphries, Esquire**
**76 South Laura Street, Suite 1100**
**Jacksonville, Florida  32202**
**(904) 398-2722**

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
ESCAMBIA COUNTY, FLORIDA

CASE NO:

WILLIAM JOSEPH PULIDO,

     **Plaintiff,**

vs.

JIMMY GATES AND JIMMY
GATES TRUCKING, INC.,

     **Defendants.**

_____ /

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production, and Request for Admissions in the above-styled cause upon the Defendant:

**JIMMY GATES**
**814 Windsorwood Circle**
**Thomasville, AL 36784**

     Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **Jeffrey J. Humphries, Esquire, Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, Telephone (904) 398-2722, within twenty (20) days after service of this Summons upon you**, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

     If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at crtintrp@coj.net or (904) 630-2564 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

     WITNESS my hand and seal of this Court on this _____ day of _____, 2021.

Clerk of the Circuit Court

By_____

As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para participar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service"

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

**MORGAN & MORGAN, P.A.**
**Jeffrey J. Humphries, Esquire**
**76 South Laura Street, Suite 1100**
**Jacksonville, Florida  32202**
**(904) 398-2722**

Case 3:22-cv-03755-TKW-EMT   Document 1-2   Filed 03/14/22   Page 13 of 125

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
ESCAMBIA COUNTY, FLORIDA

CASE NO:

WILLIAM JOSEPH PULIDO,

       **Plaintiff,**

vs.

JIMMY GATES AND JIMMY
GATES TRUCKING, INC.,

       **Defendants.**

_____ /

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, JIMMY GATES TRUCKING, INC.

COMES NOW the Plaintiff, **WILLIAM JOSEPH PULIDO**, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, and request the Defendant, **JIMMY GATES TRUCKING, INC.**, to admit or deny the following within forty-five (45) days from the date of the certificate of service hereof.

    1.    That at the time of the subject accident, Defendant, **JIMMY GATES**, operated the tractor trailer in Escambia County, Florida.

    2.    That Defendant, **JIMMY GATES**, was negligent in the operation of said tractor trailer which resulted in a collision with Plaintiff on or about May 14, 2020.

    3.    That at the time, Defendant, **JIMMY GATES,** was operating the tractor trailer while in the course and scope of employment of Defendant, **JIMMY GATES TRUCKING, INC.**

    4.    That Plaintiff, **WILLIAM JOSEPH PULIDO,** was injured in the subject accident.

5.      That Plaintiff, **WILLIAM JOSEPH PULIDO,** suffered a permanent injury within a reasonable degree of medical probability resultant of the subject accident.

6.      That Plaintiff, **WILLIAM JOSEPH PULIDO,** was not guilty of negligence which caused or contributed to the subject accident.

7.      That Plaintiff, **WILLIAM JOSEPH PULIDO,** incurred medical expenses for treatment of injuries resulting from the subject accident.

8.      That Plaintiff, **WILLIAM JOSEPH PULIDO'S,** medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

**I HEREBY CERTIFY** that a true copy of the foregoing has been provided to the Defendant along with service of the Complaint and Summons in this action.

**MORGAN & MORGAN**

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO:

WILLIAM JOSEPH PULIDO,

     **Plaintiff,**

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

     **Defendants.**

_____ /

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, JIMMY GATES

COMES NOW the Plaintiff, **WILLIAM JOSEPH PULIDO**, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, and requests the Defendant, **JIMMY GATES,** to admit or deny the following within forty-five (45) days from the date of the certificate of service hereof.

1. That at the time of the subject accident, Defendant, **JIMMY GATES**, operated the tractor trailer in Escambia County, Florida.

2. That at the time of the subject accident, Defendant, **JIMMY GATES TRUCKING, INC.,** owned the tractor trailer in Escambia County, Florida that Defendant, **JIMMY GATES**, was operating and driving with the permission and consent of its owner, Defendant, **JIMMY GATES TRUCKING, INC.**

3. That Defendant, **JIMMY GATES**, was negligent in the operation of said motor vehicle which resulted in a collision with Plaintiff on or about May 14, 2020.

4. That Plaintiff, **WILLIAM JOSEPH PULIDO,** was injured in the subject accident.

5.      That Plaintiff, **WILLIAM JOSEPH PULIDO**, suffered a permanent injury within a reasonable degree of medical probability resultant of the subject accident.

6.      That Plaintiff, **WILLIAM JOSEPH PULIDO,** was not guilty of negligence which caused or contributed to the subject accident.

7.      That Plaintiff, **WILLIAM JOSEPH PULIDO,** incurred medical expenses for treatment of injuries resulting from the subject accident.

8.      That Plaintiff, **WILLIAM JOSEPH PULIDO'S**, medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

**I HEREBY CERTIFY** that a true copy of the foregoing has been provided to the Defendant along with service of the Complaint and Summons in this action.

**MORGAN & MORGAN**

_____
**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO:

WILLIAM JOSEPH PULIDO,

      **Plaintiff,**

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

      **Defendants.**

_____ /

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, JIMMY GATES TRUCKING, INC.

Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, **WILLIAM JOSEPH PULIDO**, by and through his undersigned counsel, requests that Defendant, **JIMMY GATES TRUCKING, INC.,** produce for inspection or copying the documents set forth below. Defendant shall produce these documents at 76 South Laura, Suite 1100, Jacksonville, Florida 32202 within forty-five (45) days after service of this Request to Produce.

## PRELIMINARY NOTES ABOUT DISCOVERY

Plaintiff requests that Defendant respond to these and all future discovery requests by producing the requested information and documents separately identified according to request number and identifying the documents produced by stating which numbered request they respond to. Plaintiff requests that Defendant not produce unidentified documents via letters that state essentially nothing more than "here are some more responsive documents."

Plaintiff also requests that Defendant take the time to accumulate all information that is called for by this discovery request, whether it be facts or documents, and to provide all such

information in its initial written discovery responses. If the time provided by law to respond to this written discovery is insufficient, Plaintiff will extend the time, provided the extension requested is not excessive.

## INSTRUCTIONS AND DEFINITIONS

A.     Each request seeks information available to JIMMY GATES TRUCKING, INC. and all persons acting in its behalf. Accordingly, as used herein, the terms "Defendant", "you" and "your" refer without limitation to JIMMY GATES TRUCKING, INC., it's attorneys, agents and anyone who, at the relevant time, was acting or purporting to act for it or in JIMMY GATES TRUCKING, INC.'S behalf.

B.     "Plaintiff" means the Plaintiff WILLIAM JOSEPH PULIDO and includes his agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for his behalf.

C.     The terms "Driver" and "Defendant Driver" refer to Defendant JIMMY GATES.

D.     The term "Carrier" refers to Defendant JIMMY GATES TRUCKING, INC.

E.     As used herein, the term "relating to" includes relating in any way or pertaining to, referring to or having as its subject matter, directly or indirectly, expressly or impliedly, the subject matter of the specified request.

F.     The term "including" shall mean including, but not limited to, and shall be interpreted as broadly as possible. Any specifically listed items to be included in the request shall not be an exclusive list and shall not be interpreted to limit the breadth of the request.

G.     "Identify" or "describe" or "description":

   1)   when used in referring to a person, means to state his or her full name, present and last known residence and business addresses, all known telephone numbers, cellular phone numbers, and email addresses, employer, and title or position;

2) when used in referring to an entity means to state its official name, its organizational form, and all known addresses;

3) when used in referring to a document, means to describe the type and nature of the document, the date, title, its present location, the name and address of its custodian, the substance of its contents (except that in lieu of stating the substance of the contents of any document, you may attach a complete copy of the document to your answers to these interrogatories), the label name or description of each file where the original or a copy of the document is kept or located, and any file number or numbers used in connection with it; author, addressee(s);

4) when used in referring to a discussion or communication, means to state the medium of the discussion or communication (e.g., telephone conversation, letter, telegram, telecopy, written memorandum, face-to-face communication, etc.,), the date of the discussion or communication, or the dates on which the communication was sent and received if the dates are not the same, the substance of the discussion or communication, the identity of each individual involved or participating in the discussion or communication, the identity of the person who initiated the discussion or communication, the identity of all persons present and/or witnesses to said discussion or communication, the identity of any documents embodying or summarizing the communication or in any way related to it, and the identity of the custodian of each such document regarding the communication;

5) when used in referring to an event, means to describe in detail all actions or conduct and all communications and discussions comprising the event, including a statement of what occurred, the date or dates on which the occurrence took place, the identity of all persons and individuals who participated, the identity of all persons and individuals who witnessed or were present, but not participating, and a description of all documents relating to the event, including particularly, documents summarizing, describing or characterizing the event.

H.    The terms "documents" and "records" as used herein shall mean any and every written, printed, typed, electronic or other media of any kind or nature relating to the subject matter of the interrogatory; and shall include all computerized information, any and all e-mails, all copies of documents by whatever means made, all papers, letters, correspondence, faxes, spreadsheets, telegrams, statements, affidavits, inter-office communications, memoranda, stenographic or handwritten notes, notations, notebooks, reports, checks, canceled checks, bank statements, receipts, invoices, bills of lading, log

books, toll receipts, delivery receipts, fuel receipts, D.O.T. citations, weigh station receipts, calendars, schedules, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, films, videos, audio recordings, maps, surveys, minutes, telexes, contracts, memoranda of agreement, diaries, graphs, charts, income tax forms, other forms, microfilms, microfiche, computations, data processing cards, computer tapes and printouts, and any other form of electronic media, and things similar to any of the foregoing; and every copy of such document whenever the original is not in your possession, custody or control. The term includes any markings, comments or notations of any character not a part original document or photographic reproduction thereof, such as initials, stamps, date stamps, edits, post-it notes, high-lighting, etc. Any such markings on the front, back or margins shall not be redacted and shall be part of the legible copies produced. Any markings are to be identified or produced and, if necessary, identified as a separate document.

I.  As used herein, the "date" shall mean the exact day, month and year, as ascertainable, or, if not, the best approximation (including relationship to other events).

J.  The term "Crash" means the crash that gives rise to this suit, which occurred on or about May 14, 2020, Escambia County, Florida.

K.  The term "Truck" refers to the truck with VIN # 2HSFBAER2VC015284 and the trailer bearing VIN# 13N14830751528621 involved in this Crash.

L.  As used herein, the "relevant time period" means from 365 days before the Crash through 120 days after the Crash. Unless a different time frame is specified, respond to each request for the relevant time period.

M.     The term "government agency" shall mean any and all federal, state or municipal agency, bureau, department, administration, etc. including any state or federal department of transportation, any investigating officer, the Federal Highway Safety Administration, the Federal Motor Carrier Safety Administration, the Environmental Protection Agency, and any law enforcement agency.

N.     The term "electronic device" shall mean any and all electronic technology, software, devices or systems in or on the tractor, trailer(s) or cargo including: communication devices (e.g. cellular telephones, satellite telephones, all Bluetooth devices, tablets, iPads, Kindle, Android electronics, mobile hot-spot, mobile gateway, wifi device, computers, laptops, PDA's, etc.); G.P.S., R.F.I.D., or other tracking devices; telematics devices; route planning devices; fleet management devices; fleet tracking devices; cargo monitoring systems; safety monitoring devices (e.g. hard stops, acceleration and deceleration, collisions; lane change, drive cams, etc.); driver monitoring devices or cameras; on board systems; any onboard cameras or video devices (e.g. dash cams, go pro's, back-up cameras, etc.); audio recording devices; all in-cab display monitors; engine control modules; event data recorders; airbag control modules; brake control modules; electronic on-board recorders; any intelligent vehicle automated vehicle or connected vehicle technology; all maintenance related systems (e.g. remote diagnostic systems, fault code monitoring system, prognostic systems, etc.); any sensors that capture and transmit data; any third party electronics, devices, software or systems of any kind (e.g. VORAD, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, Cadec, Vnomics, Virtual Technician, OEM Diagnostic System, Trackpoint, Sense-Aware, Lytx, DriveCam, Rair, Omnitracs,

Zonar, Guard Dog Connect, On Command Connection, Virtual Technician, etc.) or any similar system; any driver safety, compliance, or hours of service logging or monitoring systems; any transponders or tachographs; any bar code or toll pass systems; any entertainment or gaming systems (e.g. televisions, hand held electronic games, Playstation, Xbox, Wii, etc.); any other tracking system, logging unit, trip monitor, trip recorder, satellite systems, cellular systems, etc., and all other third party systems, electronics or other devices not described above that were present in or on the tractor, trailer(s) or cargo at the time of the Crash, whether factory installed, after market, mounted or removable and whether or not it was working or recording. This would include any Apps on any electronic device in or on the tractor, trailer(s) or cargo (e.g. Transflo Mobile, BigRoad Free Truck Driver Log Book, Drivers Daily Log, Fuelbook, Drive Axle, Trucker Logbook, UShip, Dispatcher, ABF Mobile, TransFlo, CDL Warrior – Trucker Tools, Werner, Weigh My Truck, etc.).

O.  In the event that the attorney/client privilege, work product privilege, or any other claim of privilege is asserted with respect to any document that is herein requested or a notation on or related to that document, then as to each allegedly privileged document or marking, you are required to supply the following information in your response or in a separate privilege log:

1) Describe the nature of the document (e.g., letter, memorandum, notation, etc.);
2) State the date(s) listed on the document;
3) Identify the persons who sent and received the original and/or any copy(ies) of the document;
4) Identify the custodian of the document;
5) Describe the subject matter of the document;
6) State the basis for the assertion of such privilege upon which you contend you are entitled to withhold the document from production;
7) Identify the author of each such document;

8) Describe the present location of any and all printed, handwritten or electronic copies of each said document; and

9) Describe the label name or description of each file where the original or copy of the document is kept or located and any file number or numbers used in connection with it.

P.  Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

Q.  A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce and shall be made at the offices of Morgan & Morgan, P.A., 76 South Laura, Suite 1100, Jacksonville, Florida 32202, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

## DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.  A copy of your OP-1 Application for Operating Authority filed with any government agency.

2.  A copy of your MCS-150 forms filed with any government agency for the last 5 years.

3.  Any documents relating to the agreements between and consideration for your company utilizing any other defendants' U.S. D.O.T. number or operating authority to deliver goods in interstate or intrastate commerce using commercial motor vehicles.

4.  For each person, entity, truck, trailer or other transportation equipment involved in the Crash, provide a complete and certified copy of the declaration pages, policy forms, endorsements, amendments or other documents for any insurance policies that you or any other defendant had in effect at the time of the Crash, whether or not you contend the policy covers or may provide coverage for the damages sought by the Complaint, including for any automobile, business auto, commercial general liability, business liability, personal negligence liability, motor carrier, MCS-90 endorsement, umbrella, or excess coverage policies.

5.  Copies of all reservation of rights letters and/or agreements regarding any insurance coverage for the Crash.

6. An organizational chart of your company at the time the Driver was hired, at the time of the Crash and today.

7. An organizational chart showing the relationship between all JIMMY GATES TRUCKING, INC. entities and any named defendant in this case.

8. A list of all subsidiary, related, parent, wholly or partially owned entities of any named defendant in this case.

9. A copy of each document retention policy in effect for you at the time of the Crash and now.

10. All manuals, videos, books or other similar documents used to train your commercial motor vehicle drivers for two years prior to the date of the Crash and through today.

11. All documents and materials relating to your maintenance annual inspections policies and reports for the relevant time period.

12. All documents and materials relating to your maintenance policy and procedures for the relevant time period.

13. All company newsletters distributed during the time period beginning two years before the Crash to present.

14. Transcripts or recordings of all depositions, trial testimony or other sworn testimony of corporate designees for you given in the past five years for any reason and in the past ten (10) years in any case where it was alleged that a driver or other employee or agent working for you caused injury or death to another person.

15. Internal policies and procedures or safety materials of any defendant in effect on the date of the Crash (whether or not provided to any of its drivers, dispatchers, safety directors, operation managers and/or auditors).

16. Any and all audits of, and/or reports to, any other defendant or government agency in the five years before the Crash and any since the Crash.

17. All Compliance Reviews or Safety Audits of your company (as defined by 49 C.F.R. §385.3) performed by any government agency during the five years prior to the date of the Crash.

18. All Safety Management Controls (as defined by 49 C.F.R. §385.3) that your company had in effect on the date of the Crash.

19. All safety ratings (as defined by 49 C.F.R. §385.3) issued to your company by any government agency for the five (5) years prior to and on the date of the Crash.

8

20.     All notifications of safety ratings or fitness (as referenced in 49 C.F.R. §385.11) provided to your company by any government agency for five (5) years prior to date of the Crash to present.

21.     All requests submitted by you for an administrative review to change your safety rating pursuant to 49 C.F.R. §385.15 from five (5) years prior to the date of the Crash to present.

22.     All reports of audits performed by any government agency for or relating to your company for five (5) years prior to the date of the Crash to present.

23.     A copy of the entire accident or crash register maintained by you pursuant to 49 C.F.R. §390.15 or for any other purpose.

24.     All documents, records, and reports regarding any and all incidents or accident reports for five years before this Crash to present.

25.     Photographs or color copies of all signs, posters, placards, or other visible safety messages, logos or warnings posted and visible to drivers or other employees or agents during the relevant time period.

26.     All promotional materials, manuals, presentations, estimates, quotes, technical data, feasibility studies, cost benefit analyses or other documents reflecting any safety measure for your company, your employees, your drivers, your trucks, trailers, equipment or otherwise that has been considered or implemented by your company in the last ten years, including any telematics, driver monitoring, collision avoidance, collision warning, lane deviation, tire monitoring, or any other safety measure.

27.     Any documents regarding the Defendant Driver's employment or agency with you or any other defendant covering the time period from the date when the Defendant Driver first became employed or contracted, up until the date of your response to this request, specifically including the Crash date.

28.     Any documents relating to any lease agreements or contracts between you or any other defendant and the Defendant Driver pertaining to the Truck.

29.     If applicable, all forms completed by either you or the Defendant Driver that were submitted to any government agency concerning any crashes involving the Defendant Driver during the period of the Defendant Driver's employment with you or any other defendant.

30.     The entire contents of all files relating to the Defendant Driver not otherwise produced, including personnel, payroll, discipline, or any other files.

31.     All initial or rough trip reports, settlement sheets or other documents, along with all final pay or accounting documents, or computer printouts showing trips run, miles driven,

cargo or equipment delivered, expenses incurred and payments made to Defendant Driver in reference to any trip or trips for the seven (7) days before and the date of this Crash.

32.    The Defendant Driver's record of duty status or driver daily logs and all documents or electronic data or information that provide date, time and/or location information to audit or verify the those logs for thirty (30) days before the Crash, the date of the Crash, and seven (7) days after the Crash, including each and every version or draft of each daily log.

33.    The Driver's Vehicle Inspection Reports (DVIR) including any pre and post trip inspections for any vehicles operated by the Defendant Driver for the week of, the week before, the day of and the week after the Crash.

34.    All toll, fuel or other expense receipts relating to the Defendant Driver while operating any vehicles owned, leased or controlled by you or any other defendant for thirty (30) days before the Crash, the date of the Crash, and seven (7) days after the Crash.

35.    Any audits or reviews performed at any time of Defendant Driver's record of duty status, Daily or Multi-Daily Logbooks, expenses, Bills of Lading and/or any other work for the Defendant Driver or any other safety or compliance audit or review.

36.    A copy of all documents relating to any violation of any safety rule or principle by Defendant Driver at any time.

37.    All documents placing you on notice of any violation by Driver of any law, ordinance or regulation, including roadside inspections and reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

38.    All documents of any kind that relate to any action (formal or informal) by you or any supervisor or manager or anyone working by or on your behalf or any other defendant directed to Driver for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Driver in any way relating to the safe operation of a commercial vehicle, including all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

39.    All documents not otherwise requested or produced relating to any and all blood, urine, hair or other type of drug or alcohol testing of Driver in your possession, custody and/or control.

40.    The complete maintenance files, records and invoices on the Truck, and all other transportation equipment involved in the Crash, including any inspections, repairs or maintenance, as well as daily condition reports from two years prior to the Crash through the time of the return of the Truck to service following the Crash.

41.     A copy of the title, registration and any other ownership documents for the Truck and other transportation equipment involved in the Crash.

42.     Any document that relates to the make, model, features, accessories, year and identification number(s) of the Truck and other transportation equipment involved in the Crash.

43.     Any documents relating to all persons, corporations or entities who were registered title owners and/or had ownership interest or right to control the Truck and other transportation equipment involved in the Crash, or the nature of their ownership interest or right to control it.

44.     All records, receipts, advertising, promotional materials, manuals, installation records, and any other documents relating to any aftermarket improvements or alterations to the tractor or trailer(s) at any time.

45.     All records, receipts, advertising, promotional materials, manuals, options, installation records, reports from, and any other documents relating to any electronic device or communications device in or on the tractor, trailer, transportation equipment or cargo at the time of the Crash.

46.     All records, receipts, advertising, promotional materials, manuals, options, installation records, reports from, and any other documents relating to any factory options or settings for OEM equipment on the Truck, transportation equipment or cargo at the time of the Crash.

47.     The lease for the Truck in effect as of the date of the Crash.

48.     The trip lease in effect as of the date of the Crash for the Truck.

49.     Any and all records for the Truck generated pursuant to 49 C.F.R. §396.3 during the relevant time period.

50.     Any and all records for the Truck generated pursuant to 49 C.F.R. §396.9 during the relevant time period.

51.     Any and all records for the Truck generated pursuant to 49 C.F.R. §396.11 during the relevant time period.

52.     All materials, manuals, technical data, cost or other documents reflecting any safety measure on the Truck or equipment involved in the Crash, including any telematics, driver monitoring, collision avoidance, collision warning, lane deviation, tire monitoring, or any other safety measure.

53.     Any and all documents showing the type, installation, location, usage, capabilities, and description of any electronic device in or on the Truck or cargo at the time of the Crash.

54.     For each electronic device, if any data is available (whether or not downloaded or retrieved) color images or copies of any download, report, video, audio, GPS data, or other data that relates to the operation of the Truck for the thirty (30) days before, the date of the Crash and seven days after.

55.     All records that show or relate to the type, model, make, serial number, phone number, name of account holder, and service provider, of any electronic device, GPS, dash camera, or any other device capable of communicating with people or entities outside the Truck on the date of the Crash.

56.     For each communication capable electronic device applicable to the preceding request, all bills, invoices, reports or other documents showing any use of that electronic device for the 30 days before, the date of the Crash and seven days after.

57.     Color copies or images of all information, data available from or downloaded from the Electronic Control Module or any other electronic device or system for the Truck being operated at the time of the Crash.

58.     Copies of all e-mails between you and Driver for the time period beginning 90 days prior to the Crash to present.

59.     Copies of all communications and transmissions between you and the Defendant Driver that were transmitted through any electronic device on-board of the Truck involved in the Crash for the period beginning 30 days before the Crash and ending seven days after the Crash.

60.     Any documents or GPS data relating to the Driver's point of origin (where he was coming from) and destination (where he was heading) at the time of the Crash, including all stops made or to be made that day, any deadlines or route scheduling sheets any route planning for the day of the Crash.

61.     Any and all accident and/or incident reports and investigations prepared by any defendant as a result of the Crash, other than the police report.

62.     Any photographs, movies, surveillance footage, security footage, and/or videotapes taken by anyone related to the Crash, that reflect the scene of the Crash, the vehicles involved or of any of the parties to this cause for the day of the Crash.

63.     A legible color image or copy of any drawings or diagrams that reflect the scene of the Crash, the vehicles involved or any of the parties to this cause.

64.     A copy of the application and/or claims for benefits and/or claims for payments submitted for personal injuries and/or property damage as a result of the Crash.

65.     Any documents regarding any damages or losses suffered by any defendant as a result of the Crash, including property damage or money you had to pay for damage to the person or property of someone else.

66.     Any statements, either written or recorded, made by Plaintiff pertaining to the Crash described in the Complaint.

67.     Accident files, records, reports or any other documents of whatever nature relating to the Crash sent by, or on behalf of, any defendant to any government agency.

68.     Color copies of photographs taken of the Plaintiff, any defendant, the crash scene, or any persons or vehicles involved in the Crash that purport to show any injuries and/or damages.

69.     Copies of all invoices or appraisals depicting property damage to any vehicle, equipment, cargo or personal property involved in the Crash.

70.     Any photographs, movies and videotapes that you intend to use in any deposition taken in this cause, including any that reflect the scene of the Crash, the vehicles involved in the Crash or of any of the parties to this cause.

71.     Any photographs, movies and videotapes that you intend to use at the trial of this cause, including any that reflect the Plaintiff, the scene of the Crash or the vehicles involved.

72.     All documents that set forth any facts leading up to the Crash.

73.     All documents that support the affirmative defenses raised in your Answer.

74.     All documents relating to any citations charged against you or your Driver as a result of the Crash.

75.     Any exhibits prepared by you or the Driver that you intend to use at the trial of this cause.

76.     All documents or notations relating to or proving that the Defendant Driver was utilizing any electronic device or other communications device while driving on the date of the Crash.

77.     All documents or notations relating to or proving that any representative of your company or any other person or entity sent to or attempted any electronic or other communications with the Defendant Driver while he was driving on the date of the Crash.

78.     All documents or notations relating to or proving that the Defendant Driver was utilizing any electronic device or other communications device while driving at the time of the Crash or within 30 minutes before or after the Crash.

79.     All documents or notations relating to or proving that any representative of your company or any other person or entity sent to or attempted any electronic or other communications with the Defendant Driver at the time of the Crash or within 30 minutes before or after the Crash.

80.     Dispatch records (written or electronic) indicating assignment of the Truck to the Defendant Driver and his instructions to pick up and deliver any cargo, the dates and times of pickup and delivery and any other factors related to deliveries made or to be made on the day of this Crash.

81.     Any driver call-in records or other written or electronic records indicating communications between any defendant and the driver on the day of the Crash, including any reference to the movement of the Truck, the cargo, the equipment and/or the Driver on the day of this Crash.

82.     All blanket or specific permits applicable to the load being transported at the time of the Crash, the Defendant Driver, or the Truck or other transportation equipment being used at the time of the Crash.

83.     Any and all documents relating to or identifying each and every person or entity involved in any aspect of planning, logistics, negotiations, routing, scheduling, loading, unloading or delivering the load or cargo being transported in the Truck at the time of the Crash for the transportation cycle.

84.     Any and all documents relating to the entire transportation cycle for all cargo on the Truck at the time of the Crash, including from purchase of the items to delivery to the end consumers that were to receive the deliveries, including motor carriers, drivers, brokers, logistics companies, and all other persons or entities involved.

85.     Any and all documents relating to all payments, consideration and monies owed, paid or received for any aspect of the entire transportation cycle for all cargo on the Truck at the time of the Crash.

86.     Any and all documents relating to the delivery or receipt of the materials or goods hauled by the Defendant Driver on the date of the Crash.

87.     All contracts, leases, or other written agreements between you and any other defendants in this matter in effect during the relevant time period, including those relating to the transportation of cargo on the Truck at the time of the Crash.

88.     All invoices, evidence of payments, communications and other documents exchanged or between any defendants during the relevant time period.

89.     Any and all documents regarding the termination of any contracts, leases, or other written agreements between you and any other defendants, if any, in this matter.

90.   Any and all communications regarding this Crash, your safety record, or your relationship, with any other named defendant in this case, including any employee, agent, attorney, expert, contractor or other representative of any other defendant.

91.   Any joint defense or joint representation agreements between you or your attorneys and any other defendant(s) or defense attorney(s) relating to this Crash or the claims being made in this lawsuit.

Plaintiff would show in support of said request that the items herein enumerated are in the possession, custody, and control of Defendant and constitute or contain matters within the scope of rule 1.280(b), of the Florida Rules of Civil Procedure. Plaintiff needs the materials itemized herein in the preparation of this case, and Plaintiff is unable, without undue hardship, to obtain the substantial equivalent of said materials by other means.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant together with the Summons and Complaint.

MORGAN & MORGAN

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO:

WILLIAM JOSEPH PULIDO,

       **Plaintiff,**

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

       **Defendants.**

_____ /

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, JIMMY GATES

Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, **WILLIAM JOSEPH PULIDO**, by and through his undersigned counsel, requests that Defendant, **JIMMY GATES**, produce for inspection or copying the documents set forth below.  Defendant shall produce these documents at 76 South Laura Street, Suite 1100, Jacksonville, Florida  32202 within forty-five (45) days after service of this Request to Produce.

### I. Definitions

As used throughout this Request to Produce, the following terms are defined as follows:

A.    "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any king or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical

recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

"Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

B.   "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

C.   "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

D.   "Statement" means (1) any written statement made by any person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

E.   As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

F.   As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin

of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.    Description sufficient to identify.

2.    The date(s).

3.    The subject matter(s).

4.    The sender(s) or author(s).

5.    The recipient(s).

6.    The persons to whom copies were furnished, together with their job titles.

7.    The present depository or person having custody of the document.

8.    The nature and basis of privilege or immunity claimed.

9.    The paragraph(s) of this request to which each such document or statement relates or corresponds.

## III.   Grouping or Numbering of Items Produced

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

## IV.   Place, time, and manner of response

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce and shall be made at the offices of Morgan & Morgan, P.A., 76 S. Laura Street, Suite 1100, Jacksonville, FL 32202, or at such other place as the parties may agree.   Authentic

copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

## DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1. All statements made by any occupants of the vehicles involved in the subject incident.

2. All statements made by any witnesses to the subject accident.

3. All statements made by the Plaintiff pertaining to or concerning the subject matter.

4. All photographs of the vehicles involved in the subject accident.

5. All photographs of the Plaintiff depicting injuries received in the subject accident.

6. All photographs of the subject accident scene.

7. Any and all policies of liability insurance in effect on the date of the subject accident, providing coverage to the defendant herein.

8. Appraisals of all property damage sustained by Defendant's vehicle in the subject accident.

9. Appraisals of the property damage sustained by Plaintiff's car in the subject accident.

10. A copy of any and all surveillance films, photos, or depictions taken of the Plaintiff as a result of the subject accident.

11. A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant together with the Summons and Complaint.

MORGAN & MORGAN

_____
**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
ESCAMBIA COUNTY, FLORIDA

CASE NO:

WILLIAM JOSEPH PULIDO,

      **Plaintiff,**

vs.

JIMMY GATES AND JIMMY
GATES TRUCKING, INC.,

      **Defendants.**

_____ /

### PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, JIMMY GATES

      Pursuant to Rule 1.340, Florida Rules of Civil Procedure, you are required to answer the following Interrogatories in writing and under oath within forty-five (45) days from the date of service.

### CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that an original and one copy of the Interrogatories numbered one (1) through fourteen (14) have been furnished to the Defendant together with the Summons and Complaint.

                          **MORGAN & MORGAN**

                          _____

                          **JEFFREY J. HUMPHRIES, ESQUIRE**
                          Florida Bar No.: 708631
                          76 South Laura Street, Suite 1100
                          Jacksonville, FL 32202
                          Primary email: JHumphries@forthepeople.com
                          Secondary emails: TMcfarland@forthepeople.com
                          Telephone:  (904) 398-2722
                          Facsimile:  (904) 366-7677
                          Attorney for Plaintiff

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.  For the purposes of these interrogatories, "you," "your," and "Defendant" mean **JIMMY GATES.**

2.  As used in these interrogatories, "document" or "documents" means the original and all copies of the original which differ in any respect from the original (whether by interlineation, draft copy, notations written thereon, indication of copies sent or received or to whom routed, or otherwise) of any letter, correspondence, pamphlet, memorandum, handwritten note, work paper, video, photograph, microfilm, report, contract, chart, paper, drawing and any other written, recorded or transcribed matter of any description, however produced or reproduced, and all supplements and amendments thereto.

3.  As used in these interrogatories, "identify all documents" means: (a) describe the documents by generic type (e.g., invoice, debit memo) and also specifically (e.g., name of the document, number of pages, summary of its substance); (b) state  any identification number on each document; (c) state where each document is currently kept and where it has been kept since its creation; and (d) state the name, address, phone number, date of birth, social security number of the present custodian, all past custodians, and the dates during which each custodian had custody of each document.  Please follow procedures (a)-(d) for each document which originated with **DEFENDANT**, or anyone else who generated documents relevant to this litigation and responsive to these interrogatories.

4.  You have the burden of proving any objection that you make to an interrogatory.

5.  If you claim that a privilege (attorney-client, work product, trade secret, etc.) prevents you from answering an interrogatory or identifying a document, please state the nature of the privilege and the grounds for its assertion.  In addition, if you claim that a privilege prevents the production of a document, identify the document as described in Paragraph 3 and all persons, whether natural or artificial, who received or reviewed the document.

6.  If you fail to answer an interrogatory on the grounds that an interrogatory is unduly burdensome or will cause you great expense, please explain why and supply as much information as you can that is not unduly burdensome or too expensive to obtain.

7.  If you fail to answer an interrogatory on the grounds that an interrogatory is not calculated to lead to admissible evidence, please explain why you believe it does not meet this broad standard.

8.  If you fail to answer an interrogatory on any other grounds, please explain why.

## INTERROGATORIES TO DEFENDANT, JIMMY GATES

1.      Please state your name, address, and if you are answering for someone else, your official position?

2.      Describe in detail, each act or omission on the part of Plaintiff you contend constituted negligence that was a contributing legal cause of the accident in question?

3.      List all the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which witness has knowledge.

4.      List the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard of who is purported to have heard the Plaintiff make any statement, remark or comment concerning the incident described in the Complaint and the substance of each statement, remark or comment.

5.      Did any mechanical defect regarding the vehicle in question contribute to the occurrence of the accident?  If so, what was the nature of the defect?

6.     Were you suffering from any physical infirmity, disability or sickness at the time of the occurrence of the accident described in the Complaint?  If so, what was the nature of the infirmity, disability or sickness?

7.     Did you consume any alcoholic beverages or any drugs or medication within 12 hours before the occurrence of the accident described in the Complaint?  If so, what type and amount of alcoholic beverages, drugs or medications were consumed and where were they consumed?

8.     Do you wear glasses or contact lenses?

9.     Were you charged with any violation of the law arising out the incident referred to in the Complaint?  If so:

   (a)     What plea did you enter to the charge;

   (b)     What court was the charge heard in;

   (c)     What was the nature of the charge;

   (d)     Was the testimony at any trial on the charge recorded in any manner, and, if so, what was the name and address of the person who recorded the testimony?

4

10.     Did you have liability insurance coverage that protects you from the damages sought by the Complaint?  If so:

(a)     What is the name of the insurance company having the coverage;

(b)     What is the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage;

(c)     What is the policy number of each policy?

11.     List the names and addresses of all persons or corporations who were registered title owners or who had any legal or equitable interest in the motor vehicle that you were driving on the date of the accident described in the complaint.

12.     Have you ever been convicted of a crime?  If so, what was the date and place of conviction?

13.     Describe in detail how the accident happened, including all actions taken by you to prevent the accident.

14.     Do you intend to call any non-medical expert witnesses at the trial of this case?  If so, please identify each witness; describe his qualifications as an expert; state the subject matter upon which he is expected to testify; state the substance of the facts and opinions to which he is expected to testify, and give a summary of the grounds for each opinion.

_____          _____
SIGNATURE                                   DATE


STATE OF _____

COUNTY OF _____


      BEFORE ME, the undersigned authority, personally appeared **JIMMY GATES,** who is personally known to me or who furnished identification in the form of _____, and who, after being first duly sworn, deposes and says that the foregoing is true and correct to the best of his/her knowledge, information and belief, and that he/she subscribed his/her name hereto in certification thereof.


_____          _____
DATE                                    NOTARY PUBLIC


                      _____
                      TYPE OR PRINT NAME

                      MY COMMISSION EXPIRES: _____

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO:

WILLIAM JOSEPH PULIDO,

      **Plaintiff,**

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

      **Defendants.**

_____ /

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, JIMMY GATES TRUCKING, INC.

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, you are required to answer the following Interrogatories in writing and under oath within forty-five (45) days from the date of service.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that an original and one copy of the Interrogatories numbered one (1) through fourteen (14) have been furnished to the Defendant together with the Summons and Complaint.

      **MORGAN & MORGAN**

      _____

      **JEFFREY J. HUMPHRIES, ESQUIRE**
      Florida Bar No.: 708631
      76 South Laura Street, Suite 1100
      Jacksonville, FL 32202
      Primary email: JHumphries@forthepeople.com
      Secondary emails: TMcfarland@forthepeople.com
      Telephone:  (904) 398-2722
      Facsimile:  (904) 366-7677
      Attorney for Plaintiff

## PRELIMINARY NOTES ABOUT DISCOVERY

Plaintiff requests that Defendant include within the four corners of the response to these interrogatories and all future interrogatories not only the responses, but also the interrogatories as propounded. This courtesy is requested for the convenience of all parties and the Court so that both can be reviewed in order from examining one document.

Plaintiff also requests that Defendant take the time to accumulate all information that is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery is insufficient, Plaintiff will extend the time, provided the extension requested is not excessive.

## INSTRUCTIONS

1.      Defendant shall serve answers to these interrogatories separately and under oath within forty-five (45) days from the date of service.

2.      In providing its response, Defendant is requested to furnish all information available to it, including information available to Defendant or obtainable to Defendant from its employees, agents, representatives, investigators, and attorneys.

3.      If Defendant cannot answer an interrogatory in full after exercising due diligence to secure the information, it is requested to so state and answer to the extent possible, specifying its inability to answer the remainder of the interrogatories, stating whatever information or knowledge it has concerning the unanswered portions of the interrogatories and stating why it is unable to answer the unanswered portions.

4.      If you contend that you are entitled to withhold from production any document identified in an answer on the basis of attorney/client privilege, the work product privilege, or

any other ground, you are required to supply the following information in your answer as to each such document:

    (1)    Describe the nature of the document (e.g., letter, memorandum, notation, etc.);
    (2)    State the date listed on the document;
    (3)    Identify the persons who sent and received the original and/or any copy(ies) of the document;
    (4)    Identify the custodian of the document;
    (5)    State the subject matter of the document;
    (6)    State the basis upon which you contend you are entitled to withhold the document from production,
    (7)    The specific basis for the assertion of such privilege,
    (8)    The author of each such document,
    (9)    The present location of any and all copies of each said document; and,
    (10)    The label name or description of each file where the original or copy of the document is kept or located and any file numbers used in connection with it.

## DEFINITIONS

For the purpose of these interrogatories, the following definitions shall apply:

A.    "Plaintiff" means Plaintiff, WILLIAM JOSEPH PULIDO, and includes his agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for his behalf.

B.    Each interrogatory seeks information available to JIMMY GATES TRUCKING, INC. and all persons acting in its behalf. Accordingly, as used herein, the terms "Defendant", "you" and "your" refer without limitation to JIMMY GATES TRUCKING, INC., JIMMY GATES TRUCKING, INC.'S attorneys, agents and anyone who, at the relevant time, was acting or purporting to act for it or in JIMMY GATES TRUCKING, INC.'S behalf.

C.    The terms "GATES" and "Driver" refer to Defendant JIMMY GATES.

D.    The terms "Carrier" and "Company" refer to Defendant JIMMY GATES TRUCKING, INC..

3

E.   As used herein, the term "relating to" includes relating in any way or pertaining to, referring to or having as its subject matter, directly or indirectly, expressly or impliedly, the subject matter of the specified request.

F.   The term "including" shall mean including, but not limited to, and shall be interpreted as broadly as possible. Any specifically listed items to be included in the request shall not be an exclusive list and shall not be interpreted to limit the breadth of the request.

G.   "Identify" or "describe" or "description":

1)   when used in referring to a person, means to state his or her full name, present and last known residence and business addresses, all known telephone numbers, cellular phone numbers, and email addresses, employer, and title or position;

2)   when used in referring to an entity means to state its official name, its organizational form, and all known addresses;

3)   when used in referring to a document, means to describe the type and nature of the document, the date, title, its present location, the name and address of its custodian, the substance of its contents (except that in lieu of stating the substance of the contents of any document, you may attach a complete copy of the document to your answers to these interrogatories), the label name or description of each file where the original or a copy of the document is kept or located, and any file number or numbers used in connection with it; author, addressee(s);

4)   when used in referring to a discussion or communication, means to state the medium of the discussion or communication (e.g., telephone conversation, letter, telegram, telecopy, written memorandum, face-to-face communication, etc.,), the date of the discussion or communication, or the dates on which the

4

communication was sent and received if the dates are not the same, the substance of the discussion or communication, the identity of each individual involved or participating in the discussion or communication, the identity of the person who initiated the discussion or communication, the identity of all persons present and/or witnesses to said discussion or communication, the identity of any documents embodying or summarizing the communication or in any way related to it, and the identity of the custodian of each such document regarding the communication;

5)  when used in referring to an event, means to describe in detail all actions or conduct and all communications and discussions comprising the event, including a statement of what occurred, the date or dates on which the occurrence took place, the identity of all persons and individuals who participated, the identity of all persons and individuals who witnessed or were present, but not participating, and a description of all documents relating to the event, including particularly, documents summarizing, describing or characterizing the event.

H.  The terms "documents" and "records" as used herein shall mean any and every written, printed, typed, electronic or other media of any kind or nature relating to the subject matter of the interrogatory; and shall include all computerized information, any and all e-mails, all copies of documents by whatever means made, all papers, letters, correspondence, faxes, spreadsheets, telegrams, statements, affidavits, inter-office communications, memoranda, stenographic or handwritten notes, notations, notebooks, reports, checks, canceled checks, bank statements, receipts, invoices, bills of lading, log books, toll receipts, delivery receipts, fuel receipts, D.O.T. citations, weigh station

5

receipts, calendars, schedules, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, films, videos, audio recordings, maps, surveys, minutes, telexes, contracts, memoranda of agreement, diaries, graphs, charts, income tax forms, other forms, microfilms, microfiche, computations, data processing cards, computer tapes and printouts, and any other form of electronic media, and things similar to any of the foregoing; and every copy of such document whenever the original is not in your possession, custody or control. The term includes any markings, comments or notations of any character not a part original document or photographic reproduction thereof, such as initials, stamps, date stamps, edits, post-it notes, high-lighting, etc. Any such markings on the front, back or margins shall not be redacted and shall be part of the legible copies produced. Any markings are to be identified or produced and, if necessary, identified as a separate document.

I.     As used herein, the "date" shall mean the exact day, month and year, as ascertainable, or, if not, the best approximation (including relationship to other events).

J.     The terms "Crash" means the crash that gives rise to this suit, which occurred on or about May 14, 2020, in Escambia County, Florida.

K.     The term "Truck" refers to the tractor bearing VIN # 2HSFBAER2VC015284 and the loaded trailer bearing VIN# 13N14830751528621 involved in this Crash.

L.     As used herein, the "relevant time period" means from 365 days before the Crash through 120 days after the Crash. Unless a different time frame is specified, respond to each request for the relevant time period.

M.     The term "government agency" shall mean any and all federal, state or municipal agency, bureau, department, administration, etc. including any state or federal department of

transportation, any investigating officer, the Federal Highway Safety Administration, the Federal Motor Carrier Safety Administration, the Environmental Protection Agency, and any law enforcement agency.

N.   The term "electronic device" shall mean any and all electronic technology, software, devices or systems in or on the tractor, trailer or cargo including: communication devices (e.g., cellular telephones, satellite telephones, all Bluetooth devices, tablets, iPads, Kindle, Android electronics, mobile hot-spot, mobile gateway, wifi device, computers, laptops, PDAs, etc.); G.P.S., R.F.I.D., or other tracking devices; telematics devices; route planning devices; fleet management devices; fleet tracking devices; cargo monitoring systems; safety monitoring devices (e.g., hard stops, acceleration and deceleration, collisions; lane change, drive cams, etc.); driver monitoring devices or cameras; on board systems; any onboard cameras or video devices (e.g., dash cams, Go Pros, back-up cameras, etc.); audio recording devices; all in-cab display monitors; engine control modules; event data recorders; airbag control modules; brake control modules; electronic on-board recorders; any intelligent vehicle automated vehicle or connected vehicle technology; all maintenance related systems (e.g., remote diagnostic systems, fault code monitoring system, prognostic systems, etc.); any sensors that capture and transmit data; any third party electronics, devices, software or systems of any kind (e.g., VORAD, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, Cadec, Vnomics, Virtual Technician, OEM Diagnostic System, Trackpoint, Sense-Aware, Lytx, DriveCam, Rair, Omnitracs, Zonar, Guard Dog Connect, On Command Connection, Virtual Technician, etc.) or any similar system; any driver safety, compliance, or hours of service logging or monitoring systems;

any transponders or tachographs; any bar code or toll pass systems; any entertainment or gaming systems (e.g., televisions, hand held electronic games, Playstation, Xbox, Wii, etc.); any other tracking system, logging unit, trip monitor, trip recorder, satellite systems, cellular systems, etc., and all other third party systems, electronics or other devices not described above that were present in or on the tractor, trailer(s) or cargo at the time of the Crash, whether factory installed, after market, mounted or removable and whether or not it was working or recording. This would include any Apps on any electronic device in or on the tractor, trailer(s) or cargo (e.g., Transflo Mobile, BigRoad Free Truck Driver Log Book, Drivers Daily Log, Fuelbook, Drive Axle, Trucker Logbook, UShip, Dispatcher, ABF Mobile, TransFlo, CDL Warrior – Trucker Tools, Werner, Weigh My Truck, etc.).

O.   In the event that the attorney/client privilege, work product privilege, or any other claim of privilege is asserted with respect to any document that is herein requested or a notation on or related to that document, then as to each allegedly privileged document or marking, you are required to supply the following information in your response or in a separate privilege log:

1) Describe the nature of the document (e.g., letter, memorandum, notation, etc.);
2) State the date(s) listed on the document;
3) Identify the persons who sent and received the original and/or any copy(ies) of the document;
4) Identify the custodian of the document;
5) Describe the subject matter of the document;
6) State the basis for the assertion of such privilege upon which you contend you are entitled to withhold the document from production;
7) Identify the author of each such document;
8) Describe the present location of any and all printed, handwritten or electronic copies of each said document; and
9) Describe the label name or description of each file where the original or copy of the document is kept or located and any file number or numbers used in connection with it.

## <u>INTERROGATORIES TO DEFENDANT, JIMMY GATES TRUCKING, INC.</u>

1.   What are the names, telephone numbers and addresses of all persons taking part in answering these interrogatories, and, if applicable, the persons' official position or relationship with the party to whom the interrogatories are directed at the time of the Crash and when answering these interrogatories?

2.   Please identify the person or persons who held each of the following positions on the date of the Crash, and please identify by whom each such person was employed:

   a.   The Chief of Operations;
   b.   The Safety Director;
   c.   The Head of Maintenance;
   d.   The Head of Dispatch;
   e.   The Dispatcher of GATES on the trip that resulted in the Crash;
   f.   All persons involved in negotiations with any defendant; and,
   g.   The person(s) responsible for performing the annual or other periodic review of the driving or safety record of GATES.

3.   Describe any and all insurance policies you or any other defendant had that had a coverage period that included the date of the Crash, whether or not the policy was still in effect on the date of the Crash and whether or not you contend the policy covers or may provide coverage for the damages sought by the Complaint, including any umbrella, MCS-90 endorsement, or excess coverage policies; and for each include the name of the insurance company providing the coverage, the extent of each coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage, the policy number of each policy, whether the insurer has offered or provided a defense under a reservation of rights or otherwise contested or raised defenses to providing coverage for this Crash or the claims asserted in this lawsuit, and describe any other claims being asserted against the policy, from this Crash or during the same policy period, that would reduce the amount of coverage available for the claims asserted in this lawsuit or from the Crash.

4.      Identify every insurance agent with whom you conducted business or through whom you purchased any policy of insurance during the past five years, whether or not the policy was still in effect on the date of the Crash and whether or not you contend the policy covers or may provide coverage for the damages sought by the Complaint, including any umbrella, MCS-90 endorsement, or excess coverage policies.

5.      Describe in detail each act or omission on the part of any party to this lawsuit or nonparties that you contend constituted negligence that was a contributing legal cause of the Crash and/or damages claimed in the suit.

6.      Do you contend that any mechanical or maintenance defect or other problem in the Truck or cargo contributed to the Crash? If so, describe the nature of the defect and how it contributed to the Crash.

7.      Do you contend that any person or entity other than the Driver is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based and whether or not you have notified each such person or entity of your contention.

8.      What cargo or products, if any, was the Driver transporting at the time of the Crash, where and when did the Driver pick up the load, and identify the persons or entities (brokers, logistics companies, freight forwarders) that loaded the cargo or products in the trailer, where and when the load was to be delivered and any schedules or deadlines for the load deliveries.

9.  Have you been a defendant in any other personal injury or wrongful death lawsuits arising out of motor vehicle or commercial motor vehicle crashes during the last 5 years? If so, provide the following information for each:

    a.  the date of the incident forming the basis of the injury claimed;
    b.  the location of the incident giving rise to the claim;
    c.  describe the incident;
    d.  identify the person injured or killed;
    e.  identify the lawyer(s) who represented any party to the lawsuit;
    f.  the date the litigation was filed;
    g.  the court in which it was filed;
    h.  the case name and style;
    i.  the case number; and
    j.  describe the date and type of disposition of the case.

10. Describe your relationship with each defendant at the time of the Crash, including the nature of the relationship and legal status (e.g. employee, contractor, partner, etc.), how long the entities have conducted business together, what terms, conditions, and/or agreements existed between the entities at the time of this Crash, describe all documents that evidence the agreements (contracts, material term sheets, memoranda of understanding, etc.) and identify by name, title and address the people within your Company that have the most knowledge about each relationship.

11. Describe in detail all policies, procedures, rules, guidelines, directives, manuals, handbooks, training and education (including on the job training) in place by Defendant at the time of the Crash that in any way related to the operation, maintenance, inspection or use of a commercial motor vehicle.

12.     Please describe the entire transportation cycle for all cargo on the Truck on the date of the Crash, including from purchase of the items from the seller or shipper to delivery to the end consumer that was to receive the deliveries, including the following information: identify all shippers, motor carriers, brokers, logistics companies, freight forwarders, drivers, receivers and all other persons or entities involved; describe all payments, consideration and monies to be paid or received; and identify any and all communications and documents that relate to any aspect of the transportation cycle, the deliveries or receipt of the cargo being transported the day of the Crash or the information requested.

13.     Please state whether you utilized any third party person or entity to consult on or perform any driver qualification, recertification, review or training, route planning, dispatching, accident investigation, compliance, or any other safety or driving functions during the relevant time period. If so, for each describe the nature of the relationship and the legal status (e.g. employee, contractor, partner, etc.); the services or material terms and consideration for each party; how long the entities have conducted business together; what terms, conditions, and/or agreements existed between the entities at the time of this Crash; identify by name, title and address the people within your Company that have the most knowledge about each relationship; and describe all documents that evidence the agreements between you and the third party and any documents exchanged regarding this Crash or the defendants in this case.

14.     Describe the entire contents of the cargo on the Truck on the date of the Crash, including the number and type of deliveries, the total weight of the Truck when it was first loaded and at the time of the Crash, and the location and number of deliveries or stops remaining on the Truck at the time of the Crash.

12

_____  _____
SIGNATURE                                    DATE


By _____ as _____ of **JIMMY GATES TRUCKING, INC.,**


STATE OF _____

COUNTY OF _____


BEFORE ME, the undersigned authority, personally appeared _____ as _____ of **JIMMY GATES TRUCKING, INC.,** who is personally known to me or who furnished identification in the form of_____, and who, after being first duly sworn, deposes and says that the foregoing is true and correct to the best of his/her knowledge, information and belief, and that he/she subscribed his/her name hereto in certification thereof.


_____  _____
DATE                                     NOTARY PUBLIC


_____
TYPE OR PRINT NAME

MY COMMISSION EXPIRES: _____

## Escambia County Receipt of Transaction
## Receipt #     2021069593

**Cashiered by: clt**

Pam Childers
Clerk of Court
Escambia County, Florida

**Received From**

**HUMPHRIES, JEFFREY JAMES**
**O'HARA LAW FIRM PA**
**4811 BEACH BLVD STE 303**
**JACKSONVILLE, FL  32207**

**On Behalf Of:**

On:  9/8/21   4:43 pm
Transaction # 101613508

| CaseNumber   2021 CA 002529 | | | | | | |
|---|---|---|---|---|---|---|
| **Fee Description** | **Fee** | **Prior Paid** | **Waived** | **Due** | **Paid** | **Balance** |
| (CA1) CIRCUIT CIVIL FILING FEE | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (CA93) ISSUANCE OF SUMMONS | 20.00 | 0.00 | 0.00 | 20.00 | 20.00 | 0.00 |
| **Total:** | **420.00** | **0.00** | **0.00** | **420.00** | **420.00** | **0.00** |
| **Grand Total:** | **420.00** | **0.00** | **0.00** | **420.00** | **420.00** | **0.00** |

| PAYMENTS | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Payment Type** | **Reference** | | **Amount** | **Refund** | **Overage** | **Change** | **Net Amount** |
| EFILING | 32232187 | OK | 420.00 | 0.00 | 0.00 | 0.00 | 420.00 |
| | | **Payments Total:** | **420.00** | **0.00** | **0.00** | **0.00** | **420.00** |

Credit Card Convenience fee of 3.5% is non-refundable.

# IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**WILLIAM JOSEPH PULIDO**

PLAINTIFF,

Vs.

CASE NO: **2021 CA 002529**

DIVISION: **F**

**JIMMY GATES**      ,et al.

DEFENDANT,

## SUMMONS PERSONAL SERVICE ON A NATURAL PERSON

TO DEFENDANT: **JIMMY GATES**

**814 WINDSORWOOD CIRCLE**

**THOMASVILLE, AL 36784**

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you.   Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffusant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-desses et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saiais par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres abligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

PLAINTIFF/PLAINTIFF'S ATTORNEY:      **JEFFREY JAMES HUMPHRIES, ESQ.**
**MORGAN AND MORGAN P.A.**
**76 SOUTH LAURA STREET, SUITE 1100**
**JACKSONVILLE, FL 32202**

The STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above named Defendant.

CASUM2053P2

Witness, my hand and the seal of this Court on this **9th day of September, 2021**

PAM CHILDERS
CLERK OF THE CIRCUIT COURT

By: _Christina R. Sands_

Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, ADA Liaison Escambia County, 190 Governmental Center, 5th Floor, Pensacola, FL 32502, (850) 595-4400 Fax (850) 595-0360 ADA.Escambia@flcourts1.gov , at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

CASUM2053P2

### IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**WILLIAM JOSEPH PULIDO**

      PLAINTIFF,

Vs.

CASE NO:  **2021 CA 002529**

DIVISION:  **F**

**JIMMY GATES**    ,et al.

      DEFENDANT,

### SUMMONS

**THE STATE OF FLORIDA:**

**To Each Sheriff of the State:**

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **JIMMY GATES TRUCKING, INC. C/O JAMES GATES AS REGISTERED AGENT 814 WINDSORWOOD CIRCLE THOMASVILLE, AL 36784**

Each defendant is hereby required to serve written defenses to said complaint on

      plaintiff's attorney(s), whose address is

    **JEFFREY JAMES HUMPHRIES, ESQ.**
    **MORGAN AND MORGAN P.A.**
    **76 SOUTH LAURA STREET, SUITE 1100**
    **JACKSONVILLE, FL 32202**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter.   If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **9th day of September, 2021**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _Christina R. Sands_

      Deputy Clerk

\* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days.   When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

CASUM2053P

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**
**CIVIL DIVISION**

**WILLIAM JOSEPH PULIDO**

        Plaintiff,                          CASE NO.:   **2021 CA 002529**

VS.                                    DIVISION:   **F**

**JIMMY GATES, et al.**

        Defendant(s),

## AMENDED ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING

THIS CAUSE, having come before the Court *sua sponte* upon the filing of this action and pursuant to First Judicial Circuit Administrative Order No. 2021-12, it is hereby,

ORDERED and ADJUDGED that the Plaintiff **shall** do the following:

1. Review and become familiar with First Judicial Circuit Administrative Order No. 2021-12 (Civil Case Management Plan).

2. Within 5 days of service of the complaint on the last of all named Defendants file a Notice of Final Service with the Court that includes the following:
   a. Notice that the last of all named Defendants to be served has been served and the date of said service.
   b. A proposal as to whether the case is complex under Fla. R. Civ. P. 1.201, streamlined, or general as defined in First Judicial Circuit Administrative Order No. 2021-12 and a statement as to whether the Defendant concurs in the proposed designation.

3. Upon filing the Notice of Final Service required in paragraph 2, the Plaintiff shall also send a copy of said Notice to the **assigned** Judge's Judicial Assistant via the Proposed Documents function of the ePortal.

4. Failure of the Plaintiff to strictly comply with this Order shall subject the Plaintiff to appropriate sanctions including, but not limited to, the striking of pleadings or dismissal of this action without prejudice.

**DONE AND ORDERED** in Chambers at Pensacola, Florida this 4th day of August, 2021

                                    **/s/ Jan Shackelford**

                                     JAN SHACKELFORD
                                   ADMINISTRATIVE JUDGE
                                   ESCAMBIA COUNTY

## RETURN OF SERVICE

**State of Florida**      **County of Escambia**      **Circuit Court**

Case Number: 2021 CA 002529

Plaintiff:
**WILLIAM JOSEPH PULIDO**
vs.
Defendant:
**JIMMY GATES**

For: Jeffrey J. Humphries, Esquire
   Morgan & Morgan, P.A.*

Received by Knopf Investigations, Inc. on the 10th day of September, 2021 at 12:59 pm to be served on **JIMMY GATES, 814 WINDSORWOOD CIR, THOMASVILLE, AL 36784**. I, ___John___ ___Brown___, do hereby affirm that on the __18th__ day of __September__, 20_21_ at __5:00 p__.m., executed service by delivering a true copy of the **SUMMONS PERSONAL SERVICE ON A NATURAL PERSON, COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT and INTERROGATORIES TO DEFENDANT,** in accordance with state statutes in the manner marked below:

☑ INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as _____.

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.

( ) NON SERVICE: For the reason detailed in the Comments below.
            (Declined)
Military Status: ( ) Yes or ( ) No  If yes, what branch? _____
            (Declined)
Marital Status:( ) Married or ( ) Single  Name of Spouse _____

**COMMENTS:** _____
_____
_____
_____

## RETURN OF SERVICE For 2021 CA 002529

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_John Brown_

PROCESS SERVER # ___ N/A ___
Appointed in accordance with State Statutes

**Knopf Investigations, Inc.**
**Post Office Box 560856**
**Rockledge, FL 32956-0856**
**(321) 373-1245**

Our Job Serial Number: 2021009766
Ref: 10693998

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2d

# IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**WILLIAM JOSEPH PULIDO**

     PLAINTIFF,

Vs.

CASE NO:  **2021 CA 002529**

DIVISION:  **F**

September 18, 2021
5:00 PM
JB

**JIMMY GATES**    ,et al.

    DEFENDANT,

## SUMMONS PERSONAL SERVICE ON A NATURAL PERSON

TO DEFENDANT: **JIMMY GATES**

        **814 WINDSORWOOD CIRCLE**

        **THOMASVILLE, AL 36784**

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffusant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-desses et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre salais par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres abligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

PLAINTIFF/PLAINTIFF'S ATTORNEY:    **JEFFREY JAMES HUMPHRIES, ESQ.**

                                **MORGAN AND MORGAN P.A.**

                                **76 SOUTH LAURA STREET, SUITE 1100**

                                **JACKSONVILLE, FL 32202**

The STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above named Defendant.

CASUM2053P2

Witness, my hand and the seal of this Court on this **9th day of September, 2021**

PAM CHILDERS
CLERK OF THE CIRCUIT COURT

By: _Christina R. Sands_

    Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, ADA Liaison Escambia County, 190 Governmental Center, 5th Floor, Pensacola, FL 32502, (850) 595-4400 Fax (850) 595-0360 ADA.Escambia@flcourts1.gov , at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## RETURN OF SERVICE

**State of Florida**              **County of Escambia**              **Circuit Court**

Case Number: 2021 CA 002529

Plaintiff:
**WILLIAM JOSEPH PULIDO**
vs.
Defendant:
**JIMMY GATES**

For: Jeffrey J. Humphries, Esquire
    Morgan & Morgan, P.A.*

Received by Knopf Investigations, Inc. on the 10th day of September, 2021 at 12:59 pm to be served on **JIMMY GATES TRUCKING, INC., C/O JAMES GATES AS REGISTERED AGENT, 814 WINDSORWOOD CIRCLE, THOMASVILLE, AL 36784**. I, ___John___ ___Brown___ , do hereby affirm that on the ___18th___ day of ___September___, 20 _21_ at _5_ :00 p .m., executed service by delivering a true copy of the **SUMMONS, COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT and INTERROGATORIES TO DEFENDANT** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____ .

(✓) CORPORATE SERVICE: By serving _____James Gates_____ as _____Registered Agent_____ .

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____ .

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

## RETURN OF SERVICE For 2021 CA 002529

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_John Brown_

PROCESS SERVER # _____ N/A _____
Appointed in accordance with State Statutes

**Knopf Investigations, Inc.**
**Post Office Box 560856**
**Rockledge, FL 32956-0856**
**(321) 373-1245**

Our Job Serial Number: 2021009768
Ref: 10693998

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2d

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**

**WILLIAM JOSEPH PULIDO**

     PLAINTIFF,

Vs.

                          CASE NO: **2021 CA 002529**

                          DIVISION: **F**

                                               September 18, 2021

**JIMMY GATES**   ,et al.                                    5:00PM

     DEFENDANT,                                    JB

<div align="center">

**SUMMONS**

</div>

**THE STATE OF FLORIDA:**
**To Each Sheriff of the State:**

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **JIMMY GATES TRUCKING, INC. C/O JAMES GATES AS REGISTERED AGENT 814 WINDSORWOOD CIRCLE THOMASVILLE, AL 36784**

Each defendant is hereby required to serve written defenses to said complaint on

        plaintiff's attorney(s), whose address is

        **JEFFREY JAMES HUMPHRIES, ESQ.**
        **MORGAN AND MORGAN P.A.**
        **76 SOUTH LAURA STREET, SUITE 1100**
        **JACKSONVILLE, FL 32202**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter.   If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **9th day of September, 2021**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _Christina R. Sands_

    Deputy Clerk

\* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days.   When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

CASUM2053P

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
ESCAMBIA COUNTY, FLORIDA

CASE NO: 2021 CA 002529

WILLIAM JOSEPH PULIDO,
  Plaintiff,

vs.

JIMMY GATES AND JIMMY
GATES TRUCKING, INC.,
  Defendants.

_____ /

### NOTICE OF FINAL SERVICE

COMES NOW the Plaintiff, WILLIAM JOSEPH PULIDO, by and through undersigned

counsel, and notifies this Court pursuant to Florida First Judicial Circuit Order No. 2021-12 that

service on all named Defendants in this action is complete as of **September 18, 2021**. Plaintiff

further proposes the instant matter be designated as **general** under Fla. R. Civ. P. 1.201.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the

e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 27th day of

September, 2021.

       **MORGAN & MORGAN**

       _____

       **JEFFREY J. HUMPHRIES, ESQUIRE**
       Florida Bar No.: 708631
       76 South Laura Street, Suite 1100
       Jacksonville, FL 32202
       Primary email: JHumphries@forthepeople.com
       Secondary emails: TMcfarland@forthepeople.com
       Telephone: (904) 398-2722
       Facsimile: (904) 366-7677
       Attorney for Plaintiff

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA
FIRST JUDICIAL CIRCUIT
CIVIL DIVISION

| | | |
|---|---|---|
| WILLIAM JOSEPH | * | |
| PULIDO, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CASE NO: 2021-CA-002529** |
| v. | * | |
| | * | |
| JIMMY GATES and | * | |
| JIMMY GATES TRUCKING, INC. | * | |
| | * | |
| **Defendants.** | * | |

## ANSWER

Defendants Jimmy Gates and Jimmy Gates Trucking, Inc., by and through undersigned counsel, answer Plaintiff's Complaint as follows:

1.      Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

2.      Upon information and belief, admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Defendants admit Jimmy Gate negligently operated the tractor-trailer such that he caused a collision with Plaintiff's motor vehicle.  Defendants deny that Plaintiff sustained any injury whatsoever as a result of the collision.  All allegations contained in this paragraph not specifically admitted are denied.

1

## COUNT I
### NEGLIGENCE CLAIM AGAINST JIMMY GATES

8.    Defendants reassert their responses to paragraphs 1 through 7 above as if fully set forth herein.

9.    Defendants admit Jimmy Gate negligently operated the tractor-trailer such that he caused a collision with Plaintiff's motor vehicle.  Defendants deny that Plaintiff sustained any injury whatsoever as a result of the collision.  All allegations contained in this paragraph not specifically admitted are denied.

10.   Denied.

11.   Denied.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief sought in Count I.

## COUNT II
### NEGLIGENCE CLAIM AGAINST JIMMY GATES TRUCKING, INC.

12.   Defendants reassert their responses to paragraphs 1 through 11 above as if fully set forth herein.

13.   Admitted.

14.   Admitted.

15.   Admitted.

16.   Admitted.

17.   Defendants admit Jimmy Gate negligently operated the tractor-trailer such that he caused a collision with Plaintiff's motor vehicle.  Defendants deny that Plaintiff sustained any injury whatsoever as a result of the collision.  All allegations contained in this paragraph not specifically admitted are denied.

18.   Denied.

19. Denied.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief sought in Count II.

## ADDITIONAL DEFENSES

1. Plaintiff's claims are barred in whole or in part because Plaintiff's injuries, if any, were caused by an intervening and/or superseding cause.

2. Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate his damages, if any.

3. Plaintiff's claims are barred in whole or in part because Plaintiff's injuries, if any, did not proximately result from any misconduct on the part of Defendants.

4. Defendants are entitled to a setoff of all collateral sources paid or payable to Plaintiffs.

5. Plaintiff's claims are barred in whole or in part because Plaintiff's injuries, if any, are the result of pre-existing medical or physical conditions.

6. Plaintiffs are barred from recovering all damages or medical expenses paid or payable from collateral sources.

7. Plaintiff's damages, if any, were proximately caused by an injury sustained subsequent to the subject accident.

8. Plaintiff's injuries, if any, fail to reach the tort threshold as required by Florida Statute § 627.737. Thus, Plaintiff is barred from recovery of any non-economic damages

/s/ Paul T. Beckmann
PAUL T. BECKMANN (FL Bar No.: 0048941)
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, AL 36601
Telephone: (251) 432-5511

3

Facsimile:   (251) 544-1653
pbeckmann@handfirm.com
avaughn@handfirm.com
*Attorney for Jimmy Gates and Jimmy*
*Gates Trucking, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by designated primary e-mail address, pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), and secondary e-mail addresses, if provided, to the following on October 8, 2021 as follows:

Jeffrey J. Humphries
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

*/s/ Paul T. Beckmann*_____

7560977.1

4

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA
FIRST JUDICIAL CIRCUIT
CIVIL DIVISION

WILLIAM JOSEPH      *
PULIDO,      *
     *
    Plaintiff,      *
     *    **CASE NO: 2021-CA-002529**
v.      *
     *
JIMMY GATES and      *
JIMMY GATES TRUCKING, INC.      *
     *
    Defendants.      *

## NOTICE OF SERVICE OF DISCOVERY

Defendants Jimmy Gates and Jimmy Gates Trucking, Inc. have propounded the following

discovery requests on counsel of record:

1.     Defendants' First Set of Interrogatories and Requests for Production of Documents

to Plaintiff William Joseph Pulido.

<div align="right">

/s/ Paul T. Beckmann
PAUL T. BECKMANN (FL Bar No.: 0048941)
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, AL 36601
Telephone: (251) 432-5511
Facsimile: (251) 544-1653
pbeckmann@handfirm.com
avaughn@handfirm.com
*Attorney for Jimmy Gates and Jimmy*
*Gates Trucking, Inc.*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been furnished by designated primary e-mail address, pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), and secondary e-mail addresses, if provided, to the following on November 5, 2021 as follows:

Jeffrey J. Humphries
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
jhumphries@forthepeople.com
tmcfarland@forthepeople.com


*/s/ Paul T. Beckmann*

7638287

2

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA
FIRST JUDICIAL CIRCUIT
CIVIL DIVISION

| | | |
|---|---|---|
| WILLIAM JOSEPH | * | |
| PULIDO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CASE NO: 2021-CA-002529 |
| v. | * | |
| | * | |
| JIMMY GATES and | * | |
| JIMMY GATES TRUCKING, INC. | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF SERVICE OF DISCOVERY

Defendants Jimmy Gates and Jimmy Gates Trucking, Inc. have on November 30, 2021 propounded the following discovery responses on counsel of record:

1. Jimmy Gates' Response to Plaintiff's First Request for Admissions;

2. Jimmy Gates Trucking, Inc.'s Response to Plaintiff's First Request for Admissions;

3. Jimmy Gates' Response to Plaintiff's First Interrogatories;

4. Jimmy Gates Trucking, Inc.'s Response to Plaintiff's First Interrogatories;

5. Jimmy Gates' Response to Plaintiff's First Request for Production of Documents;

6. Jimmy Gates Trucking, Inc.'s Response to Plaintiff's First Request for Production of Documents.

*/s/ Paul T. Beckmann*
PAUL T. BECKMANN (FL Bar No.: 0048941)
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, AL 36601
Telephone: (251) 432-5511
Facsimile:  (251) 544-1653
pbeckmann@handfirm.com

1

avaughn@handfirm.com
*Attorney for Jimmy Gates and Jimmy Gates*
*Trucking, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been furnished by designated primary e-mail address, pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), and secondary e-mail addresses, if provided, to the following on November 30, 2021 as follows:

Jeffrey J. Humphries
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
jhumphries@forthepeople.com
tmcfarland@forthepeople.com


*/s/ Paul T. Beckmann*

7674434

2

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO: 2021 CA 002529

WILLIAM JOSEPH PULIDO,

     **Plaintiff,**

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

     **Defendants.**

_____ /

## NOTICE OF TAKING VIDEOTAPED DEPOSITION

TO:   Paul T. Beckmann, Esquire
      HAND ARENDALL HARRISON SALE LLC
      Po Box 123
      Mobile, AL 36601

PLEASE TAKE NOTICE that on Wednesday, January 26, 2022 at 10:00 AM EST, the

Plaintiff will take the deposition of:

**BRANDON JAMES WILLIAMS**

At Phipps Reporting, Inc., 220 West Garden Street, Suite 603, Pensacola, Florida 32502,

upon oral examination before Phipps Reporting, Inc., Court Reporters, or a Notary Public in and

for the State of Florida at Large, or some other officer duly authorized by law to take

depositions. The depositions are being taken for the purposes of discovery, for use at trial, or

both of the foregoing, or for such other purposes as permitted under the applicable and governing

rules.

The Videographer shall be **Phipps Reporting, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 1st day of December, 2021, to:   Paul T. Beckmann, Esquire, HAND ARENDALL HARRISON SALE LLC, P.O. Box 123, Mobile, AL 36601,   pbeckmann@handfirm.com; avaughn@handfirm.com; Counsel for Defendants.

**MORGAN & MORGAN**

_____
**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff


cc:      Phipps Reporting, Inc.

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO: 2021 CA 002529

WILLIAM JOSEPH PULIDO,

      Plaintiff,

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

      Defendants.

_____ /

## SUBPOENA FOR DEPOSITION

THE STATE OF FLORIDA

TO:    BRANDON JAMES WILLIAMS
        8007 Sabra Drive
        Pensacola, FL 32514

          YOU ARE COMMANDED to appear before a person authorized by law to take depositions at Phipps Reporting, Inc., 220 West Garden Street, Suite 603, Pensacola, Florida 32502 on Wednesday, January 26, 2022 at 10:00 AM EST. for the taking of your deposition in this action. If you fail to appear, you may be in contempt of Court.

      You are subpoenaed by the following attorney and unless excused from this Subpoena by this attorney or the Court, you shall respond to this subpoena as directed.

      **DATED** this 1st day of December, 2021.

For the Court,

By:

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **190 W Government St, Pensacola, FL 32502, (850) 595-4360**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO: 2021 CA 002529

WILLIAM JOSEPH PULIDO,

      **Plaintiff,**

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

      **Defendants.**

_____ /

## NOTICE OF TAKING VIDEOTAPED DEPOSITION

TO:    Paul T. Beckmann, Esquire
       HAND ARENDALL HARRISON SALE LLC
       Po Box 123
       Mobile, AL 36601

      PLEASE TAKE NOTICE that on Wednesday, January 26, 2022 at 1:00 PM EST, the

Plaintiff will take the deposition of:

### KEVIN MICHAEL CASE

      At Phipps Reporting, Inc., 220 West Garden Street, Suite 603, Pensacola, Florida 32502,

upon oral examination before Phipps Reporting, Inc., Court Reporters, or a Notary Public in and

for the State of Florida at Large, or some other officer duly authorized by law to take

depositions.  The depositions are being taken for the purposes of discovery, for use at trial, or

both of the foregoing, or for such other purposes as permitted under the applicable and governing

rules.

The Videographer shall be **Phipps Reporting, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 1st day of December, 2021, to: Paul T. Beckmann, Esquire, HAND ARENDALL HARRISON SALE LLC, P.O. Box 123, Mobile, AL 36601, pbeckmann@handfirm.com; avaughn@handfirm.com; Counsel for Defendants.

**MORGAN & MORGAN**

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

cc:     Phipps Reporting, Inc.

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
ESCAMBIA COUNTY, FLORIDA

CASE NO:  2021 CA 002529

WILLIAM JOSEPH PULIDO,

     Plaintiff,

vs.

JIMMY GATES AND JIMMY
GATES TRUCKING, INC.,

     Defendants.

_____ /

## SUBPOENA FOR DEPOSITION

THE STATE OF FLORIDA

TO:   KEVIN MICHAEL CASE
      10515 Wilderness Lane
      Pensacola, FL 32534

        YOU ARE COMMANDED to appear before a person authorized by law to take depositions at Phipps Reporting, Inc., 220 West Garden Street, Suite 603, Pensacola, Florida 32502 on Wednesday, January 26, 2022 at 1:00 PM EST. for the taking of your deposition in this action. If you fail to appear, you may be in contempt of Court.

      You are subpoenaed by the following attorney and unless excused from this Subpoena by this attorney or the Court, you shall respond to this subpoena as directed.

      **DATED** this 1st day of December, 2021.

1

For the Court,

By:

_____
**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff


## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **190 W Government St, Pensacola, FL 32502, (850) 595-4360**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

WILLIAM JOSEPH PULIDO,

     Plaintiff,

vs.               CASE NO:  2021 CA 002529

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

     Defendants.

----------------------------------------------------------------------------------------------------------------

## NOTICE OF MEDIATION CONFERENCE

**PLEASE TAKE NOTICE** that pursuant to agreement of the parties, a mediation conference will be held in accordance with Florida Statutes, Chapter 44, and Fla.R.Civ.P. 1.700, et seq.

| | |
|---|---|
| **DATE:** | April 14, 2022   ( ½ day) |
| **TIME:** | 9:00 a.m. CDT/10:00 a.m. EDT |
| **PLACE:** | **via Zoom Videoconferencing** |
| **MEDIATOR:** | Michael D. Smith |

Dated this 7th day of December, 2021

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 7th day of December 2021, the foregoing document was electronically filed with the Clerk of the Court using the Florida Courts eFiling Portal, and a true and correct copy was furnished to the following attorneys via email and U.S. mail pursuant to Fla. R. Jud. Admin. 2.516:

Paul T. Beckmann, Esquire
Hand Arendall Harrison Sale LLC
P.O. Box 123
Mobile, AL 36601
pbeckmann@handfirm.com
avaughn@handfirm.com

Jeff Humphires, Esquire
Morgan & Morgan, P.A.
76 C. Laura Street, Suite 1000
Jacksonville, FL 322202
Jhumphries@forthepeople.com
Tmcfarland@forthepeople.com
klee@forthepeople.com

    **s/ Michael D. Smith**
    Michael D. Smith
    Florida Bar #312339
    Certified Circuit Mediator
    #3734R 904 E. Gadsden Street
    Pensacola, FL 32501
    Phone: (850) 432-9850
    Fax: (850) 432-0078
    E-mail: mdscos@cox.net

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR ESCAMBIA COUNTY, FLORIDA

| | |
|---|---|
| **WILLIAM JOSEPH PULIDO,** | |
| **Plaintiff,** | **Civil Division** |
| **vs.** | **CASE NO.: 2021 CA 002529** |
| **JIMMY GATES and JIMMY GATES TRUCKING, INC.** | |
| **Defendants.** | |

## DEFENDANTS, JIMMY GATES AND JIMMY GATES TRUCKING, INC., NOTICE OF PRODUCTION TO NON-PARTIES

YOU ARE NOTIFIED that after 10 days from the date of service of this notice and if no objection is received from any party, the undersigned will issue or apply to the clerk of this court for issuance of the attached subpoenas directed to the following for **William Joseph Pulido:**

**Sacred Heart Medical Group PC**
Attn: Records Custodian
1549 Airport Blvd
Pensacola, FL 32504

**Walmart Pharmacy**
c/o C T CORPORATION SYSTEM
Attn: Records Custodian
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**Optum, Inc.**
c/o C T CORPORATION SYSTEM
Attn: Subpoena Compliance
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**Panhandle Orthopaedics**
Attn: Records Custodian
2401 Langley Ave., Unit B,
Pensacola, FL 32504

**L. Pugh & Associates, Inc.**
Attn: Records Custodian
10108 North Palafox Highway
Pensacola, FL 32534

**Align Networks, Inc.**
c/o CORPORATE CREATIONS NETWORK, INC.
Attn: Records Custodian
801 US HIGHWAY 1
NORTH PALM BEACH, FL 33408

**TMESYS, LLC**
c/o CT CORPORATION SYSTEM
Attn: Records Custodian
1200 SOUTH PINE ISLAND RD.
PLANTATION, FL 33324

**ONE CALL MEDICAL, INC.**
c/o CORPORATE CREATIONS NETWORK INC.
Attn: Records Custodian
801 US HIGHWAY 1
NORTH PALM BEACH, FL 33408

Dated: December 13, 2021.

> */s/ Paul T. Beckmann*
> PAUL T. BECKMANN (FL Bar No.: 0048941)
> HAND ARENDALL HARRISON SALE, LLC
> Post Office Box 123
> Mobile, Alabama 36601
> Telephone: (251) 432-5511
> Facsimile:  (251) 544-1653
> pbeckmann@handfirm.com
> *Counsel for Defendants Jimmy Gates and Jimmy*
> *Gates Trucking, Inc.*

E-MAIL DESIGNATIONS
P/E-mail: pbeckmann@handfirm.com
A/E-mail: avaughn@handfirm.com
A/E-mail: erivers@handfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by designated primary email address, pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), and secondary email addresses, if provided, to the following on December 13, 2021, as follows:

Jeffrey J. Humphries
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
jhumphries@forthepeople.com
tmcfarland@forthepeople.com
*Counsel for Plaintiff*

> */s/ Paul T. Beckmann*
> OF COUNSEL

2

Case 3:22-cv-03755-TKW-EMT   Document 1-2   Filed 03/14/22   Page 88 of 125

**IN THE CIRCUIT COURT**
**FIRST JUDICIAL CIRCUIT**
**IN AND FOR ESCAMBIA COUNTY, FLORIDA**

**CASE NO:  2021 CA 002529**

**WILLIAM JOSEPH PULIDO,**

        **Plaintiff,**

**vs.**

**JIMMY GATES AND JIMMY**
**GATES TRUCKING, INC.,**

        **Defendants.**

_____ /

## NOTICE OF CASE MANAGEMENT CONFERENCE

Please take notice that on **March 28, 2022 at 9:00 AM CST/ 10:00 AM EST**, or as soon thereafter as counsel can be heard, the undersigned will bring on to be heard the **Case Management Conference**, before the Honorable Judge **Thomas Victor Dannheisser**, one of the Judges of the above Court, via Zoom video-conferencing. The parties shall reach out to the court prior to this Case Management Conference to obtain the Zoom information.

PLEASE GOVERN YOURSELF ACCORDINGLY.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 15st day of December, 2021, to:  Paul T. Beckmann, Esquire, HAND ARENDALL HARRISON SALE LLC, P.O. Box 123, Mobile, AL 36601, pbeckmann@handfirm.com; avaughn@handfirm.com; Counsel for Defendants.

**MORGAN & MORGAN**

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

Case 3:22-cv-03755-TKW-EMT Document 1-2 Filed 03/14/22 Page 90 of 125

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
ESCAMBIA COUNTY, FLORIDA

**WILLIAM JOSEPH PULIDO,**          CASE NO:  2021 CA 002529

          **Plaintiff,**

vs.

**JIMMY GATES AND JIMMY
GATES TRUCKING, INC.,**

          **Defendants.**

_____ /

## NOTICE AT ISSUE AND REQUEST TO DOCKET

YOU ARE HEREBY notified that the above-styled cause is at issue on the original action

and ready to be set for trial by jury, and the Clerk of the Court is hereby requested to docket the

same for jury trial at the Case Management Conference scheduled for March 28, 2022.  It is

estimated that the trial shall require approximately five (5) days before the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished,

via the e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 15th

day of December, 2021, to:  Paul T. Beckmann, Esquire, HAND ARENDALL HARRISON

SALE LLC, P.O. Box 123, Mobile, AL 36601, pbeckmann@handfirm.com;

avaughn@handfirm.com; Counsel for Defendants.

MORGAN & MORGAN

_____
**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
ESCAMBIA COUNTY, FLORIDA

CASE NO.:  2021 CA 002529

WILLIAM JOSEPH PULIDO,

      Plaintiff,

vs.

JIMMY GATES AND JIMMY
GATES TRUCKING, INC.,

      Defendants.

_____ /

### REQUEST FOR COPIES

    COMES NOW the Plaintiff, William Pulido, by and through his undersigned attorneys,

pursuant to Rule 1.351(e) of the Florida Rules of Civil Procedure, hereby gives notice of his request

for copies of any and all documents secured pursuant to Defendants' Notice of Production to Non-

Parties, dated December 13, 2021, from the following parties:

Sacred Heart Medical Group PC
Attn: Records Custodian
1549 Airport Blvd
Pensacola, FL 32504

Walmart Pharmacy
c/o C T CORPORATION SYSTEM
Attn: Records Custodian
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

Optum, Inc.
c/o C T CORPORATION SYSTEM
Attn: Subpoena Compliance
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

Panhandle Orthopaedics
Attn: Records Custodian
2401 Langley Ave., Unit B,
Pensacola, FL 32504

L. Pugh & Associates, Inc.
Attn: Records Custodian
10108 North Palafox Highway
Pensacola, FL 32534

Align Networks, Inc.
c/o CORPORATE CREATIONS
 NETWORK, INC.
Attn: Records Custodian
801 US HIGHWAY 1
NORTH PALM BEACH, FL 33408

1

TMESYS, LLC
c/o CT CORPORATION SYSTEM
Attn: Records Custodian
1200 SOUTH PINE ISLAND RD.
PLANTATION, FL 33324

ONE CALL MEDICAL, INC.
c/o CORPORATE CREATIONS
 NETWORK INC.
Attn: Records Custodian
801 US HIGHWAY 1
NORTH PALM BEACH, FL 33408

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 5th day of January, 2022, to:  Paul T. Beckmann, Esquire, HAND ARENDALL HARRISON SALE LLC,   P.O.   Box   123,   Mobile,   AL   36601,   pbeckmann@handfirm.com   and avaughn@handfirm.com, Counsel for Jimmy Gates and Jimmy Gates Trucking, Inc.

**MORGAN & MORGAN**

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

2

Case 3:22-cv-03755-TKW-EMT   Document 1-2   Filed 03/14/22   Page 94 of 125

**IN THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA**

**CASE NO:  2021 CA 002529**

**WILLIAM JOSEPH PULIDO,**

      **Plaintiff,**

**vs.**

**JIMMY GATES AND JIMMY
GATES TRUCKING, INC.,**

      **Defendants.**

_____ /

**<u>NOTICE OF HEARING</u>**

Please take notice that on Thursday, March 31, 2022 at 10:00 AM CST, or as soon thereafter as counsel can be heard, the undersigned will bring on to be heard the Case Management Conference, before the Honorable Judge Danheisser, one of the Judges of the above Court, via Zoom video-conferencing. Below is the Zoom information.

<u>https://zoom.us/j/3077122999</u>
Meeting ID#  307-712-2999
If you are calling in for a Zoom hearing – call in number + Meeting ID#
Dial-in from telephone
+1 312 626 6799 US (Primary)
+1 929 205 6099 US (Secondary)

PLEASE GOVERN YOURSELF ACCORDINGLY.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 5th day of January, 2022, to:  Paul T. Beckmann, Esquire, HAND ARENDALL HARRISON SALE

LLC, P.O. Box 123, Mobile, AL 36601, pbeckmann@handfirm.com and

avaughn@handfirm.com, Counsel for Jimmy Gates and Jimmy Gates Trucking, Inc.

**MORGAN & MORGAN**

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**
**FIRST JUDICIAL CIRCUIT**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **WILLIAM JOSEPH** | * | |
| **PULIDO,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CASE NO: 2021-CA-002529** |
| **v.** | * | |
| | * | |
| **JIMMY GATES and** | * | |
| **JIMMY GATES TRUCKING, INC.** | * | |
| | * | |
| **Defendants.** | * | |

**NOTICE OF SERVICE OF DISCOVERY**

Defendants Jimmy Gates and Jimmy Gates Trucking, Inc. have on January 21, 2022 propounded the following discovery on counsel of record:

1.      Notice of Video Deposition of William Joseph Pulido.

<div style="margin-left:45%">

*/s/ Paul T. Beckmann*
PAUL T. BECKMANN (FL Bar No.: 0048941)
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, AL 36601
Telephone: (251) 432-5511
Facsimile:  (251) 544-1653
pbeckmann@handfirm.com
avaughn@handfirm.com
*Attorney for Jimmy Gates and Jimmy Gates Trucking, Inc.*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been furnished by designated primary e-mail address, pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), and secondary e-mail addresses, if provided, to the following on January 21, 2022 as follows:

Jeffrey J. Humphries
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

*/s/ Paul T. Beckmann*

7751721

2

**IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT,
IN AND FOR ESCAMBIA COUNTY, FLORIDA**

**CASE NO:  2021 CA 002529**

**WILLIAM JOSEPH PULIDO,**

> **Plaintiff,**

vs.

**JIMMY GATES AND JIMMY
GATES TRUCKING, INC.,**

> **Defendants.**

_____ /

## NOTICE OF CANCELLATION OF DEPOSITION

TO:    Paul T Beckmann, Esquire
       Hand Arendall Harrison Sale LLC
       Post Office Box 123
       Mobile, AL  36601

YOU ARE HEREBY NOTIFIED that the undersigned has cancelled the Zoom depositions of Brandon Williams and Kevin Case scheduled herein for Wednesday, January 26, 2022.  These depositions have been cancelled at the request of Jeff Humphries.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 25th day of January, 2022, to:  Paul T. Beckmann, Esquire, HAND ARENDALL HARRISON SALE LLC, P.O. Box 123, Mobile, AL 36601, pbeckmann@handfirm.com and avaughn@handfirm.com, Counsel for Jimmy Gates and Jimmy Gates Trucking, Inc.

MORGAN & MORGAN

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

cc:      Phipps Reporting, Inc.

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA
FIRST JUDICIAL CIRCUIT
CIVIL DIVISION

WILLIAM JOSEPH        *
PULIDO,        *
       *
    Plaintiff,        *
       *     CASE NO: 2021-CA-002529
v.        *
       *
JIMMY GATES and        *
JIMMY GATES TRUCKING, INC.        *
       *
    Defendants.        *

## MOTION TO COMPEL

Defendants Jimmy Gates and Jimmy Gates Trucking, Inc. (collectively "Defendants")
move this Court, pursuant to Rule 1.380 of the Florida Rules of Civil Procedure, to enter an order
compelling Plaintiff William Joseph Pulido ("Plaintiff") to respond to Defendants' First Set of
Interrogatories and Requests for Production of Documents. As grounds for this motion,
Defendants aver as follows:

1.     Defendants' First Set of Interrogatories and Requests for Production of Documents
were served on Plaintiff on November 5, 2021. Plaintiff's responses to those requests were due to
be served on Defendants on or before January 7, 2022. Plaintiff has not responded to Defendants'
discovery requests.

2.     On January 13, 2022, counsel for Defendants wrote counsel for Plaintiff seeking
responses to the discovery requests (letter attached as Exhibit A) and reached out to Plaintiff's
counsel via email on January 26, 2022 (email attached as Exhibit B). Counsel for Defendants has
not received a response from Plaintiff's counsel.

3.      Counsel for Defendants has attempted, in good faith, to confer with counsel for Plaintiff in an attempt to secure responses to the instant discovery without the Court's intervention, to no avail.

WHEREFORE, based on these grounds, Defendants request the Court enter an order compelling Plaintiff William Joseph Pulido to fully respond to Defendants' First Set of Interrogatories and Requests for Production of Documents within 10 days.  Defendants also seek recovery of the fees incurred as a result of Plaintiff's failure to respond to the discovery requests.

*/s/ Paul T. Beckmann*
PAUL T. BECKMANN (FL Bar No.: 0048941)
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, AL 36601
Telephone: (251) 432-5511
Facsimile:   (251) 544-1653
pbeckmann@handfirm.com
avaughn@handfirm.com
*Attorney for Jimmy Gates and Jimmy Gates Trucking, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by designated primary e-mail address, pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), and secondary e-mail addresses, if provided, to the following on January 28, 2022 as follows:

Jeffrey J. Humphries
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

*/s/ Paul T. Beckmann*

7762063

2

# EXHIBIT A



**HAND ARENDALL
HARRISON SALE**

**Paul T. Beckmann**
pbeckmann@handfirm.com
DIRECT 251 694 6278 / FAX 251 544 1689

January 13, 2022

**<u>VIA EMAIL</u>**
Jeffrey J. Humphries
76 South Laura Street
Suite 1100
Jacksonville, Florida 32202

      Re:    *William Joseph Pulido v. Jimmy Gates and Jimmy Gates Trucking, Inc.*
             In the Circuit Court of Escambia County, Florida
             Case No. 2021-CA-002529

Dear Jeffrey:

      We served Defendants' First Set of Interrogatories and Requests for Production of Documents back on November 5, 2021.  On December 15th, I communicated with Tori Mcfarland in your office and granted an extension of your client's discovery deadline to January 7, 2022.  I have not heard from your office concerning your client's responses.

      At your request, we reluctantly agreed to set this case for mediation in April.  We need to accomplish meaningful discovery in order to be prepared to mediate the case.  Please get me your client's discovery responses by Friday, January 21.  Failing that, we will need to file a motion to compel, and we may ultimately need to reschedule the mediation.  Please call me should you wish to discuss the status of your client's responses.

      Sincerely,

Paul T. Beckmann
For the Firm

PTB/av

Cc.    Kaylea Lee (via email)
      Tori Mcfarland (via email)

# EXHIBIT B

**Arlie Vaughn**

| | |
|---|---|
| **From:** | Paul Beckmann <pbeckmann@handfirm.com> |
| **Sent:** | Wednesday, January 26, 2022 12:23 PM |
| **To:** | Jhumphries@forthepeople.com |
| **Cc:** | Tori Mcfarland; Kaylea Lee |
| **Subject:** | FW: Pulido v. Jimmy Gates Trucking -- Overdue Discovery |
| **Attachments:** | Ltr Humphries.pdf |

Jeffrey-
I'd rather not have to get the Court involved concerning Plaintiff's overdue discovery
responses.  Please let me hear from you concerning the status of the responses.

Thanks
Paul



**Paul Beckmann**

251-694-6278  Direct Dial
251-544-1689  Fax
pbeckmann@handfirm.com

**From:** Paul Beckmann <pbeckmann@handfirm.com>
**Sent:** Thursday, January 13, 2022 8:29 AM
**To:** JHumphries@forthepeople.com
**Cc:** TMcfarland@forthepeople.com; Kaylea Lee <klee@forthepeople.com>
**Subject:** Pulido v. Jimmy Gates Trucking -- Overdue Discovery

Please see attached.



**Paul Beckmann**

251-694-6278  Direct Dial
251-544-1689  Fax
pbeckmann@handfirm.com

104 Saint Francis Street
Suite 300

1

Mobile, Alabama 36602

www.handfirm.com
vCard

The information contained in this electronic message is intended only for the use of the owner of the email address listed as the recipient of this message and may contain attorney-client privileged and confidential information. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO: 2021 CA 002529

WILLIAM JOSEPH PULIDO,

        Plaintiff,

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

        Defendants.

_____ /

### PLAINTIFF'S NOTICE OF SERVICE OF ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

    COMES NOW the Plaintiff, **WILLIAM JOSEPH PULIDO**, by and through the undersigned attorneys, and gives notice to the Court that the original Interrogatories propounded upon said Plaintiff, on or about November 5, 2021, and answers thereto have been returned to counsel for Defendants, **JIMMY GATES AND JIMMY GATES TRUCKING, INC.**, on this 3rd day of February, 2022.

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 3rd day of February, 2022, to: Paul T. Beckmann, Esquire, HAND ARENDALL HARRISON SALE LLC, P.O. Box 123, Mobile, AL 36601, pbeckmann@handfirm.com and avaughn@handfirm.com, Counsel for Jimmy Gates and Jimmy Gates Trucking, Inc.

MORGAN & MORGAN

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO:  2021 CA 002529

WILLIAM JOSEPH PULIDO,

       **Plaintiff,**

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

       **Defendants.**

_____ /

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW the Plaintiff, **WILLIAM JOSEPH PULIDO**, by and through the undersigned attorneys, and in response to the Defendants', **JIMMY GATES AND JIMMY GATES TRUCKING, INC.,** First Requests for Production of Documents served on or about November 5, 2021, and states as follows:

1.     Your responses to Defendants' First Set of Interrogatories.

    **ANSWER:**
    **Responses will be electronically served to Counsel for Defendants simultaneously with this response.**

2.     Medical, rehabilitation, or chiropractic treatment of you in the ten (10) years before the incident which forms the basis of this lawsuit.

    **ANSWER:**
    **I am not in possession of the requested documentation.**

3.     Medical, rehabilitation, or chiropractic treatment of you for the injuries you allege you sustained as a result of the incident which forms the basis of this lawsuit.

    **ANSWER:**
    **Attached.**

4.      Medical, rehabilitation, or chiropractic expenses incurred by you as a result of the injuries you allege you sustained as a result of the incident which forms the basis of this lawsuit.

**ANSWER:**
**Attached.**

5.      The amount and/or nature of any cost or expense incurred by you in connection with the injuries you contend were caused by the incident which forms the basis of this lawsuit.

**ANSWER:**
**See my response to Request number 4 above. Discovery and treatment are ongoing. I reserve the right to supplement and/or amend this response, along with documentation, in the future.**

6.      Medications or other pharmaceutical products taken by you in the past ten (10) years, including pharmacy records pertaining to you.

**ANSWER:**
**I am not in possession of the requested documentation.**

7.      Medications or other pharmaceutical products taken by you as a result of the injuries you allege you sustained as a result of the incident which forms the basis of this lawsuit, including pharmacy records pertaining to you.

**ANSWER:**
**See my response to Request number 3 above.  Otherwise, I am not in possession of the requested documentation.**

8.      Any personal injury or other damage incurred by you as a result of the incident which forms the basis of this lawsuit.

**ANSWER:**
**See my response to Request numbers 3 and 4 above.**

9.      Payments or reimbursements made to you that relate in any way to the incident and/or claimed injuries which form the basis of this lawsuit.

**ANSWER:**
**None.**

10.     Your employment in the last five (5) years, including any document relating to your claim that your working ability was impaired, you suffered a loss of income, or suffered a loss of earning capacity, which you contend you suffered as a result of the incident which forms the basis of this lawsuit.

**ANSWER:**
**See my response to all other requests herein. Otherwise, I am not in possession of any such documentation.**

11.     The scene of the incident which forms the basis of this lawsuit.

**ANSWER:**
**I am not in possession of any such documentation, other than the attached.**

12.     Statements that have been taken of any witnesses or other individuals that relate to the incident which forms the basis of this lawsuit.

**ANSWER:**
**Attached.**

13.     Statements taken from any agent or employee of the Defendants or any other entity relating in any way to the incident which forms the basis of this lawsuit.

**ANSWER:**
**See my response to Request number 12 above.**

14.     Correspondence or communication between you and/or the Defendants, their agents, employees, and/or insurers.

**ANSWER:**
**None.**

15.     Accident, incident, or investigation reports relating to the incident which forms the basis of this lawsuit from any person or entity, including governmental entities, such as police departments, fire departments, etc.

**ANSWER:**
**See my response to Request number 12 above.**

16.     Lawsuits in which you have been involved.

**ANSWER:**
**None.**

17.     Claims by you at any time in the past for Social Security, worker's compensation, or disability benefits of any kind.

**ANSWER:**
**None, other than the worker's compensation claim in conjunction with the herein crash, of which I am not in possession of any documentation other than the lien, attached.**

3

18. Federal and State income tax returns for you for the years 2015 through the present.

    **ANSWER:**
    **I am not in possession of the requested documentation.**

19. Any and all exhibits which will be offered by you at the trial of this lawsuit.

    **ANSWER:**
    **My trial exhibits are undetermined at this time. I will disclose same in accordance with this Court's trial order.**

20. Reports or opinions received from any person consulted by you as an expert witness.

    **ANSWER:**
    **My expert witnesses are undetermined at this time. I will disclose same, along with their reports, in accordance with this Court's trial order.**

21. Documents which your expert witnesses, who are expected to testify at trial, have received, generated, reviewed, or relied upon in forming his or her opinions.

    **ANSWER:**
    **See my response to Request number 20 above.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 3rd day of February, 2022, to: Paul T. Beckmann, Esquire, HAND ARENDALL HARRISON SALE LLC, P.O. Box 123, Mobile, AL 36601, pbeckmann@handfirm.com and avaughn@handfirm.com, Counsel for Jimmy Gates and Jimmy Gates Trucking, Inc.

**MORGAN & MORGAN**

_[signature]_

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone:  (904) 398-2722
Facsimile:  (904) 366-7677
Attorney for Plaintiff

5

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR ESCAMBIA COUNTY, FLORIDA

| | |
|---|---|
| **WILLIAM JOSEPH PULIDO,** | |
| **Plaintiff,** | **Civil Division** |
| **vs.** | |
| **JIMMY GATES and JIMMY GATES TRUCKING, INC.** | **CASE NO.: 2021 CA 002529** |
| **Defendants.** | |

### DEFENDANTS, JIMMY GATES AND JIMMY GATES TRUCKING, INC., NOTICE OF PRODUCTION TO NON-PARTIES

YOU ARE NOTIFIED that after 10 days from the date of service of this notice and if no objection is received from any party, the undersigned will issue or apply to the clerk of this court for issuance of the attached subpoenas directed to the following for **William Joseph Pulido:**

**Ascension Sacred Heart Hospital**
Attn: Medical Records Department
1890 Summit Boulevard
Pensacola, Florida 32503

**Ascension Sacred Heart Occupational Health and Rehabilitation**
Attn: Records Custodian
4925 Grande Drive, 2nd Floor
Pensacola, Florida 32504

**Ascension Sacred Heart Urgent Care**
Attn: Records Custodian
6665 Pensacola Boulevard, Suite A
Pensacola, Florida 32505

**Baptist Hospital**
Attn: Medical Records Department
PO Box 17804,
Pensacola, FL 32522

**Baptist Medical Park**
Attn: Records Custodian
9400 University Parkway
Pensacola, Florida 32514

**Doctor's Diet Program of Florida**
Attn: Records Custodian
6420 N. 9th Avenue
Pensacola, Florida 32504

**Endoscopy Center of Pensacola**
Attn: Medical Records Department
4810 N. Davis Highway
Pensacola, Florida 32503

**NeuroMicroSpine**
Attn: Records Custodian
9400 University Parkway, Suite 309
Pensacola, Florida 32514

**Pensacola Open MRI & Imaging**
Attn: Medical Records
4511 North Davis Highway, Suite 1B
Pensacola, FL 32503

**West Florida Hospital**
Attn: Medical Records
8383 N. Davis Highway
Pensacola, Florida 32514

**West Florida Orthopedic Specialists**
Attn: Medical Records
2130 East Johnson Avenue, Suite 130-C
Pensacola, Florida 32514


Dated: February 4, 2022.

/s/ Paul T. Beckmann
PAUL T. BECKMANN (FL Bar No.: 0048941)
*Counsel for Defendants Jimmy Gates and Jimmy
Gates Trucking, Inc.*

OF COUNSEL:
P.O. Box 123
Mobile, AL 36601
Telephone: (251) 432-5511
Facsimile:      (251) 544-1653
pbeckmann@handfirm.com

E-MAIL DESIGNATIONS
P/E-mail: avaughn@handfirm.com
A/E-mail: erivers@handfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the Florida e-filing portal which will send electronic copies to all registered email addresses of record in this case, and I further certify that I have provided a true and correct copy of the foregoing to any party not receiving electronic notices from the Court by U.S. Mail to the following individuals indicated below, to such party's designated primary e-mail address, pursuant to Fla. R. Jud. Admin. 2.516 (b)(1)(A), and secondary e-mail addresses, if provided, as set forth below:

Jeffrey J. Humphries
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
jhumphries@forthepeople.com
tmcfarland@forthepeople.com
*Counsel for Plaintiff*


/s/ Paul T. Beckmann
OF COUNSEL

2

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**
**FIRST JUDICIAL CIRCUIT**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **WILLIAM JOSEPH** | * | |
| **PULIDO,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CASE NO: 2021-CA-002529** |
| **v.** | * | |
| | * | |
| **JIMMY GATES and** | * | |
| **JIMMY GATES TRUCKING, INC.** | * | |
| | * | |
| **Defendants.** | * | |

## NOTICE OF WITHDRAWAL OF MOTION TO COMPEL

Defendants Jimmy Gates and Jimmy Gates Trucking, Inc. (collectively "Defendants") filed a Motion to Compel Plaintiff to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents on January 28, 2022.  Since that filing, on February 3, 2022, Plaintiff served his responses to Defendants' discovery requests.

Therefore, Defendant's Motion to Compel is moot and is hereby withdrawn.

Respectfully submitted this 16th day of February, 2022.

/s/ Paul T. Beckmann
PAUL T. BECKMANN (FL Bar No.: 0048941)
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, AL 36601
Telephone: (251) 432-5511
Facsimile:  (251) 544-1653
pbeckmann@handfirm.com
avaughn@handfirm.com
*Attorney for Jimmy Gates and Jimmy Gates Trucking, Inc.*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been furnished by designated primary e-mail address, pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), and secondary e-mail addresses, if provided, to the following on February 16, 2022 as follows:

Jeffrey J. Humphries
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

*/s/ Paul T. Beckmann*

7793991

2

Case 3:22-cv-03755-TKW-EMT   Document 1-2   Filed 03/14/22   Page 118 of 125

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA

CASE NO.:  2021 CA 002529

WILLIAM JOSEPH PULIDO,

        **Plaintiff,**

vs.

JIMMY GATES AND JIMMY GATES TRUCKING, INC.,

        **Defendants.**

_____ /

## REQUEST FOR COPIES

COMES NOW the Plaintiff, William Pulido, by and through his undersigned attorneys, pursuant to Rule 1.351(e) of the Florida Rules of Civil Procedure, hereby gives notice of his request for copies of any and all documents secured pursuant to Defendants' Notice of Production from Non-Parties, dated February 4, 2022, from the following parties:

**Ascension Sacred Heart Hospital**
Attn: Medical Records Department
1890 Summit Boulevard
Pensacola, Florida 32503

**Ascension Sacred Heart Occupational Health and Rehabilitation**
Attn: Records Custodian
4925 Grande Drive, 2nd Floor
Pensacola, Florida 32504

**Ascension Sacred Heart Urgent Care**
Attn: Records Custodian
6665 Pensacola Boulevard, Suite A
Pensacola, Florida 32505

**Baptist Hospital**
Attn: Medical Records Department
PO Box 17804,
Pensacola, FL 32522

**Baptist Medical Park**
Attn: Records Custodian
9400 University Parkway
Pensacola, Florida 32514

**Doctor's Diet Program of Florida**
Attn: Records Custodian
6420 N. 9th Avenue
Pensacola, Florida 32504

**Endoscopy Center of Pensacola**
Attn: Medical Records Department
4810 N. Davis Highway
Pensacola, Florida 32503

**West Florida Hospital**
Attn: Medical Records
8383 N. Davis Highway
Pensacola, Florida 32514

**NeuroMicroSpine**
Attn: Records Custodian
9400 University Parkway, Suite 309
Pensacola, Florida 32514

**West Florida Orthopedic Specialists**
Attn: Medical Records
2130 East Johnson Avenue, Suite 130-C
Pensacola, Florida 32514

**Pensacola Open MRI & Imaging**
Attn: Medical Records
4511 North Davis Highway, Suite 1B
Pensacola, FL 32503

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 17th day of February, 2022, to: Paul T. Beckmann, Esquire, HAND ARENDALL HARRISON SALE LLC, P.O. Box 123, Mobile, AL 36601, pbeckmann@handfirm.com and avaughn@handfirm.com, Counsel for Jimmy Gates and Jimmy Gates Trucking, Inc.

**MORGAN & MORGAN**

_____

**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone: (904) 398-2722
Facsimile: (904) 366-7677
Attorney for Plaintiff

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**
**FIRST JUDICIAL CIRCUIT**
**CIVIL DIVISION**

| | |
|---|---|
| **WILLIAM JOSEPH**     * | |
| **PULIDO,**     * | |
|     * | |
|     **Plaintiff,**     * | |
|     * | **CASE NO: 2021-CA-002529** |
| **v.**     * | |
|     * | |
| **JIMMY GATES and**     * | |
| **JIMMY GATES TRUCKING, INC.**     * | |
|     * | |
|     **Defendants.**     * | |

## NOTICE OF WITHDRAWAL OF MOTION TO COMPEL

Defendants Jimmy Gates and Jimmy Gates Trucking, Inc. (collectively "Defendants") filed a Motion to Compel Plaintiff to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents on January 28, 2022.  Since that filing, on February 3, 2022, Plaintiff served his responses to Defendants' discovery requests.

Therefore, Defendant's Motion to Compel is moot and is hereby withdrawn.

Respectfully submitted this 16th day of February, 2022.

/s/ Paul T. Beckmann
PAUL T. BECKMANN (FL Bar No.: 0048941)
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, AL 36601
Telephone: (251) 432-5511
Facsimile:  (251) 544-1653
pbeckmann@handfirm.com
avaughn@handfirm.com
*Attorney for Jimmy Gates and Jimmy Gates Trucking, Inc.*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been furnished by designated primary e-mail address, pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), and secondary e-mail addresses, if provided, to the following on February 16, 2022 as follows:

Jeffrey J. Humphries
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
jhumphries@forthepeople.com
tmcfarland@forthepeople.com

/s/ Paul T. Beckmann

7793991

IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
ESCAMBIA COUNTY, FLORIDA

CASE NO.: 2021 CA 002529

WILLIAM JOSEPH PULIDO,

      **Plaintiff,**

vs.

JIMMY GATES AND JIMMY
GATES TRUCKING, INC.,

      **Defendants.**

_____ /

## REQUEST FOR COPIES

COMES NOW the Plaintiff, William Pulido, by and through his undersigned attorneys, pursuant to Rule 1.351(e) of the Florida Rules of Civil Procedure, hereby gives notice of his request for copies of any and all documents secured pursuant to Defendants' Notice of Production from Non-Parties, dated February 4, 2022, from the following parties:

**Ascension Sacred Heart Hospital**
Attn: Medical Records Department
1890 Summit Boulevard
Pensacola, Florida 32503

**Baptist Hospital**
Attn: Medical Records Department
PO Box 17804,
Pensacola, FL 32522

**Ascension Sacred Heart Occupational Health and Rehabilitation**
Attn: Records Custodian
4925 Grande Drive, 2nd Floor
Pensacola, Florida 32504

**Baptist Medical Park**
Attn: Records Custodian
9400 University Parkway
Pensacola, Florida 32514

**Ascension Sacred Heart Urgent Care**
Attn: Records Custodian
6665 Pensacola Boulevard, Suite A
Pensacola, Florida 32505

**Doctor's Diet Program of Florida**
Attn: Records Custodian
6420 N. 9th Avenue
Pensacola, Florida 32504

**Endoscopy Center of Pensacola**
Attn: Medical Records Department
4810 N. Davis Highway
Pensacola, Florida 32503

**West Florida Hospital**
Attn: Medical Records
8383 N. Davis Highway
Pensacola, Florida 32514

**NeuroMicroSpine**
Attn: Records Custodian
9400 University Parkway, Suite 309
Pensacola, Florida 32514

**West Florida Orthopedic Specialists**
Attn: Medical Records
2130 East Johnson Avenue, Suite 130-C
Pensacola, Florida 32514

**Pensacola Open MRI & Imaging**
Attn: Medical Records
4511 North Davis Highway, Suite 1B
Pensacola, FL 32503

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the e-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, this 17th day of February, 2022, to: Paul T. Beckmann, Esquire, HAND ARENDALL HARRISON SALE LLC, P.O. Box 123, Mobile, AL 36601, pbeckmann@handfirm.com and avaughn@handfirm.com, Counsel for Jimmy Gates and Jimmy Gates Trucking, Inc.

MORGAN & MORGAN

_____
**JEFFREY J. HUMPHRIES, ESQUIRE**
Florida Bar No.: 708631
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: JHumphries@forthepeople.com
Secondary emails: TMcfarland@forthepeople.com
Telephone: (904) 398-2722
Facsimile: (904) 366-7677
Attorney for Plaintiff

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA
CIVIL DIVISION**

**WILLIAM JOSEPH PULIDO,**
    **Plaintiff,**

**vs.**                                                                        **Case No.: 2021 CA 002529**
                                              **Division: F-CIVIL**

**JIMMY GATES, JIMMY GATES TRUCKING, INC.,**
    **Defendant.**

## INITIAL CASE MANAGEMENT ORDER – GENERAL

As outlined in Administrative Order 2021-12, the Court issues this case management order to facilitate the timely, fair, and effective resolution of this matter.

The initial complaint was filed September 1, 2021. Service and addition of new parties should be completed no later than 120 days from the filing of the initial complaint unless the Court grants an extension. Extensions shall not exceed a time period beyond 240 days from the date of the filing of the initial complaint.

Fact and expert discovery should be completed no later than 450 days after the initial complaint is filed.

Objections to pleadings and dispositive pretrial motions should be resolved within 45 days of the filing of said objections/motions.

Mediation should be completed no later than 450 days after the initial complaint is filed.

The projected trial date is set for Wednesday, February 1, 2023. A firm trial date will be ordered when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440.

The schedule of deadlines herein will be strictly adhered to by the parties unless changes are otherwise agreed to by the parties and approved by the Court. The Court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency or unanticipated unavailability. However, unnecessary delays in completing discovery or lack of planning for unavailability will not constitute good cause for a change to these deadlines. The failure to abide by these deadlines may result in sanctions.

**If your case was filed before March 1, 2021, the filing date for purposes of this Order is March 1, 2021. In such cases, if the actual filing date is used, the order will automatically generate and include dates which have already passed.**

**Done and Ordered** in Chambers in Pensacola, Escambia County, Florida.

eSigned by TERRY D TERRELL in 2021 CA 002529
on 02/23/2022 16:16:34 0mgNLyiQ

**Per Administrative Directive ESCAD2021-03 "In cases wherein one party is unrepresented (pro se), it is the responsibility of the sole attorney in the case to serve within five business days this [order or judgment] upon any pro se party who does not have access to and is not a registered user of the Florida Courts e-Filing Portal."**

SERVICE LIST
**WILLIAM JOSEPH PULIDO**
**JIMMY GATES, JIMMY GATES TRUCKING, INC.**
**HUMPHRIES, JEFFREY Attorney**
**BECKMANN, PAUL Attorney**
**SMITH, MICHAEL Attorney**